UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIMAIO FAMILY PIZZA & LUNCHEONETTE, INC. and ANTHONY A. DIMAIO, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. _____ <br><br> 04-30046-KPN |

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS

FILING FEE PAID:
RECEIPT # 305533
AMOUNT $ 150.00
BY DPTY CLK MCL
DATE 3/4/04

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), The Charter Oak Fire Insurance Company ("Charter Oak") files this Notice to remove the above-captioned case to this Court and, in support of removal, respectfully states as follows:

1. Charter Oak is the defendant in a civil action brought on or about February 12, 2004 in the Superior Court for Hampden County, Massachusetts, identified as *DiMaio Family Pizza & Luncheonette, Inc. and Anthony A. DiMaio v. The Charter Oak Fire Insurance Company*, Civil Action No. 04-159 (the "State Court Action").

2. A copy of the Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based, was served upon Charter Oak on February 12, 2004. This Notice of Removal is filed within thirty days of notice upon Charter Oak of this action and thus is timely filed under 28 U.S.C. § 1446(b).

3.      The plaintiff DiMaio Family Pizza & Luncheonette, Inc. is an existing Massachusetts corporation with its principal place of business at 268 State Road, Whately, Massachusetts. (*See* Compl. at ¶ 1.)

4.      The plaintiff Anthony A. DiMaio is a natural person who resides at 14 Arvilla Street, Springfield, Massachusetts. (*See id.* at ¶ 2.)

5.      The defendant Charter Oak is a corporation organized under the laws of Connecticut with its principal place of business located at One Tower Square, Hartford, Connecticut.

6.      The State Court Action arises from a dispute concerning coverage under an insurance policy issued by Charter Oak to Plaintiff. The plaintiffs allege that on or about December 18, 2000, a fire occurred at property owned by the plaintiffs causing damage to real and personal property, as well as loss of use, financial damage, and other loss and detriment to the plaintiffs. The plaintiffs claim that Charter Oak has breached its obligation to provide insurance coverage for this alleged loss.

7.      The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000. (*See id.* at ¶ 19.) The plaintiffs' Civil Action Cover Sheet, attached to this Notice, states that they seek damages in the amount of $920,000.

7.      Removal of this action is proper under 28 U.S.C. § 1441(a). The District Courts of the United States have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the plaintiffs and the defendant are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. The state court in which the State Court Action is pending is located within the District of Massachusetts.

8.  The State Court Action does not fall within any class of actions which, under applicable rules, laws, or statutes, is prevented from or limited in the right of removal.

9.  Pursuant to 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal is being given to all parties in the State Court Action by filing a Notice of Filing of Notice of Removal of Action, along with a copy of this Notice of Removal, in the State Court Action and by service upon all parties in accordance with applicable law.

10. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Charter Oak are attached hereto as <u>Exhibit A</u>. Pursuant to L.R. 81.1, Charter Oak will file in this Court, within thirty (30) days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the Hampden Superior Court and a certified or attested copy of all docket entries in the Hampden Superior Court.

11. Charter Oak reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

DEFENDANT,
THE CHARTER OAK FIRE
INSURANCE COMPANY,

_/s/ Wystan M. Ackerman_
Wystan M. Ackerman, BBO #651086
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8299
E-mail: wackerman@rc.com

Dated: March 3, 2004

## **CERTIFICATE OF SERVICE**

I, Wystan M. Ackerman, hereby certify that on this 3rd day of March, 2004, I served a true copy of the foregoing Notice Of Removal via first-class mail, postage prepaid, upon the following:

Mark J. Albano, Esq.
Dalsey, Ferrara & Albano
73 State Street, Suite 101
Springfield, MA 01103-2069

*/s/ Wystan M. Ackerman*
Wystan M. Ackerman

4

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04 159 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

PLAINTIFF(S)
Dimaio Family Pizza & Luncheonette, Inc., and Anthony A. Dimaio

DEFENDANT(S)
The Charter Oak Fire Insurance Company

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 413.736.6971
Mark J. Albano, Esq.,
Dalsey, Ferrara & Albano
73 State Street, Springfield, MA 01103
Board of Bar Overseers number: 013860

ATTORNEY (if known)
Unknown

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Insurance Policy | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................. $..........
  2. Total Doctor expenses .............................................................. $..........
  3. Total chiropractic expenses ........................................................ $..........
  4. Total physical therapy expenses .................................................... $..........
  5. Total other expenses (describe) .................................................... $..........
    Subtotal $..........
B. Documented lost wages and compensation to date ..................................... $..........
C. Documented property damages to date ................................................ $..........
D. Reasonably anticipated future medical and hospital expenses ......................... $..........
E. Reasonably anticipated lost wages ................................................... $..........
F. Other documented items of damages (describe)
    $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

TOTAL $..........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
This is an action for breach of a fire insurance policy. The Plaintiffs' claim equitable relief and monetary damages of $920,000.00.

TOTAL $.920,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    Not applicable

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _/s/ Mark J. Albano_    DATE: 2/12/04
Mark J. Albano, Esq.

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 04 159

DIMAIO FAMILY PIZZA &
LUNCHEONETTE, INC. and
ANTHONY A. DIMAIO,

_____, PLAINTIFF(S)

V.

SUMMONS

THE CHARTER OAK FIRE
_____, DEFENDANT(S)
INSURANCE COMPANY

To the above named defendant: The Charter Oak Fire Insurance Company

You are hereby summoned and required to serve upon Mark J. Albano, Esq. 73 State St., Springfield, MA 01103, plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ____12th____ day of February in the year of our Lord two thousand~~three~~ four.

*[signature]*
Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

Hampden, ss.                                              Superior Court

DIMAIO FAMILY PIZZA &              )
LUNCHEONETTE, INC. and             )
ANTHONY A. DIMAIO,                 )
                                   )
              Plaintiffs,          )   Civil Action No.:  04   159
                                   )
       v.                          )
                                   )
THE CHARTER OAK FIRE               )
INSURANCE COMPANY,                 )
                                   )
              Defendant.           )

### COMPLAINT FOR EQUITABLE AND MONETARY RELIEF
### WITH DEMAND FOR A JURY TRIAL

*A. Parties.*

1.  The plaintiff, Dimaio Family Pizza & Luncheonette, Inc. (hereinafter "Dimaio Pizza"), is a duly organized and existing Massachusetts corporation which at all times material maintained a principal place of business at 268 State Road, Whately, Massachusetts.

2.  The plaintiff, Anthony A. Dimaio (hereinafter "Dimaio"), is a natural person who resides at 14 Arvilla Street, Springfield, Massachusetts.

3.  The defendant, The Charter Oak Fire Insurance Company (hereinafter "Charter Oak"), is a duly organized and existing corporation authorized and licensed to transact the business of insurance in the Commonwealth of Massachusetts, which at all

times material conducted its business as Travelers Property Casualty and maintained its principal place of business at One Tower Square, Hartford, Connecticut.

*B. Jurisdiction and Venue.*

4. Jurisdiction over the subject matter of this action is conferred by Massachusetts General Laws, Ch. 212, § 4, Ch. 214, § 1 and Ch. 93A, § 11.

5. Jurisdiction over Charter Oak is conferred by General Laws, Ch. 223A, § 3, in that this action arises from the conduct of Charter Oak in contracting to insure property located within the Commonwealth of Massachusetts.

6. Venue in this Court is proper pursuant to General Laws, Ch. 223, sec. 3, in that Dimaio resides in Hampden County.

*C. Factual Circumstances.*

7. At all times material, Dimaio owned real estate with a commercial restaurant building situated thereon, all located at 268 State Road, Whatley, Massachusetts (hereinafter "the Premises").

8. At all times material, Dimaio and Dimaio Pizza operated a restaurant business at and owned related business personal property located on the Premises.

9. On or about February 18, 2000, the plaintiffs purchased from Charter Oak, for substantial premiums duly paid, a Commercial Property Insurance Policy, being numbered I-660-575X1693-COF-00 (hereinafter "the Policy"), which provided for all risk coverage for loss or damage to the Premises and to the plaintiffs' business personal property thereon and for the plaintiffs' loss of business income.

2

10. The Policy provided the plaintiffs with coverage for the building on the Premises at replacement cost in the agreed value of $550,000, for the plaintiffs' business personal property on the Premises at replacement cost in the agreed value of $250,000 and for the plaintiffs' loss of business income with extra expense in the amount of $120,000

11. On or about December 18, 2000, while the Policy and the contract of insurance between Charter Oak and the plaintiffs was in full force and effect, the Premises and the building and the plaintiffs' related business personal property thereon were severely damaged and destroyed by fire, and the plaintiffs sustained a resulting loss of business income.

12. Immediately thereafter, notice of this fire and of the related damage to the Premises and to the plaintiffs' business personal property and of the related losses and expenses sustained by the plaintiffs (hereinafter "the Loss"), was timely and properly given by the plaintiffs to Charter Oak, and the plaintiffs at all times rendered timely, proper, complete and accurate information and statements of loss, and fully cooperated with the investigation of Charter Oak concerning the Loss, all in accordance with the terms of the Policy.

13. From the date of the Loss to the present, the plaintiffs have made due and proper demand for replacement of their property or for payment under the Policy or for referral of their claim to reference within the terms of the Policy.

14. By letter dated November 10, 2003, Charter Oak, by its counsel, notified the plaintiffs for the first time that Charter Oak was denying coverage to the plaintiffs for the

Loss and would refuse to proceed to reference on the plaintiffs' claims arising from the Loss.

15. As a direct and proximate result of the disclaimer by Charter Oak of coverage under the Policy for the Loss, and of the failure and refusal of Charter Oak to pay to the plaintiffs the amounts due under the Policy on account of the Loss, which amounts now exceed $920,000, Charter Oak has forfeited, waived and relinquished its right to reference under the Policy and the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment including, without limitation, interest on such amount, attorney's fees and costs in enforcing the obligations of Charter Oak under the Policy and other consequential harm and damage.

*D. Claims For Relief.*

COUNT I

16. The plaintiffs incorporate by reference the averments of paragraphs 1 through 15.

17. The failure and refusal of Charter Oak to compensate the plaintiffs for the Loss and the related damages of the plaintiffs constitutes a breach of the obligations of Charter Oak to the plaintiffs under the Policy and a breach of the contract of insurance between the parties, since coverage for the Loss is provided for and is not excluded by the Policy.

18. All of the provisions of the Policy have been fully complied with by the plaintiffs, but Charter Oak has declined and refused to make payment to the plaintiffs for the damage sustained by the plaintiffs in the Loss, which damage is covered by the Policy.

19. As a direct and proximate result of the failure and refusal of Charter Oak to pay to the plaintiffs the amounts due under the Policy on account of the Loss, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

20. All conditions precedent and jurisdictional prerequisites to the maintenance of the claims of the plaintiffs under the Policy and to the maintenance this action have been duly and timely satisfied by the plaintiffs.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate.

## COUNT II

21. The plaintiffs incorporate by reference the averments of paragraphs 16 through 20.

22. The failure and refusal of Charter Oak to compensate the plaintiffs for the Loss and the related damages of the plaintiffs constitutes a breach of the obligations of Charter Oak to the plaintiffs under the Policy and a breach of the contract between the

parties and is contrary to the objectively reasonable expectations of the plaintiffs regarding the terms of the Policy and the coverage afforded to the plaintiffs thereunder.

23. All of the provisions of the Policy have been fully complied with by the plaintiffs, but Charter Oak has declined and refused to make payment to the plaintiffs for the damage sustained by the plaintiffs in the Loss, which damage is covered by the Policy or within the objectively reasonable expectations of the plaintiffs regarding the terms of the Policy and the coverage afforded to the plaintiffs thereunder.

24. As a direct and proximate result of the failure and refusal of Charter Oak to pay the plaintiffs the amounts due under the Policy on account of the Loss, within the objectively reasonable expectations of the plaintiffs regarding the terms of the Policy and the coverage afforded to the plaintiffs thereunder, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

25. All conditions precedent and jurisdictional prerequisites to the maintenance of the claims of the plaintiffs under the Policy and to the maintenance this action have been duly and timely satisfied by the plaintiffs.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate.

## COUNT III

26. The plaintiffs incorporate by reference the averments of paragraphs 21 through 25.

27. Charter Oak is estopped by its aforementioned actions and omissions from denying that the Loss and the plaintiffs' related claims are covered by and payable under the Policy and from claiming that the Loss and the plaintiffs' related claims are excluded by the Policy.

28. As a direct and proximate result of the aforementioned actions and omissions of Charter Oak and of the failure and refusal of Charter Oak to pay to the plaintiffs the amounts otherwise due under the Policy on account of the Loss, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate, including a reformation of the Policy to negate any exclusion from or limitation on coverage for the Loss.

## COUNT IV

29. The plaintiffs incorporate by reference the averments of paragraphs 26 through 28.

30.     By its aforementioned actions and omissions, Charter Oak has knowingly relinquished and waived its right to deny or disclaim that the Loss and the plaintiffs' related claims are covered by and payable under the terms of the Policy.

31.     As a direct and proximate result of the aforementioned actions and omissions of Charter Oak and of the failure and refusal of Charter Oak to pay to the plaintiffs the amounts otherwise due under the Policy on account of the Loss, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate, including a reformation of the Policy to negate any exclusion from or limitation on coverage for the Loss.

### COUNT V

32.     The plaintiffs incorporate by reference the averments of paragraphs 29 through 31.

33.     The aforementioned actions and omissions of Charter Oak constitute a breach of the covenant of good faith and fair dealing implied in the Policy and in the contract of insurance between the plaintiffs and Charter Oak.

34.     As a direct and proximate result of the aforementioned actions and omissions of Charter Oak and of the failure and refusal of Charter Oak to pay to the plaintiffs the

amounts otherwise due under the Policy on account of the Loss, in breach of the covenant of good faith and fair dealing implied in the Policy and in the contract of insurance between the plaintiffs and Charter Oak, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate, including a reformation of the Policy to negate any exclusion from or limitation on coverage for the Loss.

## COUNT VI

35. The plaintiffs incorporate by reference the averments of paragraphs 32 through 34.

36. At all times material, Charter Oak was, with respect to its aforementioned acts and omissions, engaged in trade or commerce within the meaning of Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

37. The aforementioned acts and omissions of Charter Oak constitute unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

38. In addition, Charter Oak has committed unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 11 by engaging in

9

conduct which is in violation of the minimum standards of conduct pertaining to insurance claims practices, all as established by Massachusetts General Laws, Ch. 176D, § 3, including:

   a) Misrepresenting the benefits, advantages, conditions, or terms of the Policy;

   b) Misrepresentation for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion, or surrender of any insurance policy;

   c) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

   d) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

   e) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

   f) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   g) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

   h) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

   i) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

10

j) Delaying the investigation or payment of claims by requiring that an insured submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information; and

k) Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

39. As a direct and proximate result of the aforementioned unfair and deceptive acts and practices of Charter Oak, the plaintiffs have suffered financial loss and detriment.

40. Charter Oak has engaged in willful and knowing violations of Massachusetts General Laws, Ch. 93A, §§ 2 and 11, and the refusal and failure of Charter Oak to grant reasonable related relief to the plaintiffs, upon the prior requests of the plaintiffs and upon the requests and claims of the plaintiffs as set forth in this litigation, were and continue to be made by Charter Oak in bad faith with knowledge or reason to know that the acts and practices complained of by the plaintiffs herein violate Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

41. All conditions precedent and jurisdictional prerequisites to the maintenance of this action have been satisfied by the plaintiffs.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, as follows:

a. for actual and compensatory damages as alleged herein;

b. for treble those actual and compensatory damages;

c. for their costs and reasonable attorneys fees incurred in bringing this action;

d. for statutory interest and costs;

e. for reformation of the Policy to negate any exclusion from or limitation on coverage for the Loss; and

f. for such other and further monetary or equitable relief as the Court deems appropriate.

E. *Jury Demand.*

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES HEREIN RAISED.

Dated: February 12, 2004

THE PLAINTIFFS,
DIMAIO FAMILY PIZZA &
LUNCHEONETTE, INC. and
ANTHONY A. DIMAIO,

By: _____
Mark J. Albano, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA 01103-2069
Tel. (413) 736-6971
Fax. (413) 746-9224
B.B.O. No.: 013860

12