UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIMAIO FAMILY PIZZA & LUNCHEONETTE, INC. and ANTHONY A. DIMAIO, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. _____ <br><br> 04-30046-KPN |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

The defendant, The Charter Oak Fire Insurance Company ("Charter Oak") hereby answers the Complaint as follows:

### A. Parties

1. Charter Oak lacks sufficient knowledge or information to either admit or deny the allegations in the paragraph and, therefore, denies them and leaves the plaintiffs to their proof.

2. Charter Oak lacks sufficient knowledge or information to either admit or deny the allegations in the paragraph and, therefore, denies them and leaves the plaintiffs to their proof.

3. Charter Oak admits that it is a duly organized and existing corporation authorized and licensed to transact the business of insurance in the Commonwealth of Massachusetts and that its principal place of business is located at One Tower Square, Hartford, Connecticut, and denies all other allegations in the paragraph.

### B. Jurisdiction and Venue

4. Charter Oak avers that the allegations in the paragraph constitute a legal conclusion to which no response is required and that, in any event, the action has been removed to federal court and the jurisdiction of the state court is not at issue.

5. Charter Oak avers that the allegations in the paragraph constitute a legal conclusion to which no response is required and that, in any event, the action has been removed to federal court and the jurisdiction of the state court is not at issue.

6. Charter Oak avers that the allegations in the paragraph constitute a legal conclusion to which no response is required and that, in any event, the action has been removed to federal court and venue in the state court is not at issue.

### C. Factual Circumstances

7. Charter Oak admits that Anthony DiMaio claims here an insurable interest in the commercial restaurant business located on 268 State Road, Whatley, Massachusetts ("the Premises"), but lacks sufficient knowledge or information to either admit or deny the other allegations in the paragraph and, therefore, denies them and leaves the plaintiffs to their proof.

8. Charter Oak admits that the plaintiffs claim here an insurable interest in a restaurant business located on the Premises, but lacks sufficient knowledge or information to either admit or deny the other allegations in the paragraph and, therefore, denies them and leaves the plaintiffs to their proof.

9. Charter Oak admits that it issued to Villa DiMaio Restaurant policy I-660-575X1693-COF-00, effective for February 18, 2000 to February 18, 2001 ("the Policy"), for a provisional premium of $6,700, states that the Policy speaks for itself, and denies all other allegations in the paragraph.

10. Charter Oak states that the Policy speaks for itself and denies all other allegations in the paragraph.

11. Charter Oak admits that a fire took place on or about December 18, 2000 at the Premises, and that this fire took place during the policy period of the Policy, February 18, 2000 to February 18, 2001, but lacks sufficient knowledge or information to either admit or deny the other allegations in the paragraph and, therefore, denies them and leaves the plaintiffs to their proof.

12. Charter Oak admits that the fire was reported to it, but denies all other allegations in the paragraph.

13. Charter Oak admits that a request for a reference was made, and denies all other allegations in the paragraph.

14. Charter Oak states that the November 10, 2003 letter sent by its counsel to the plaintiffs' counsel speaks for itself, and denies all other allegations in the paragraph.

15. Charter Oak denies the allegations in the paragraph.

### D. Claims For Relief

### COUNT I

16. Charter Oak incorporates its responses to paragraphs 1 through 15 as its response to paragraph 16.

17. Charter Oak denies the allegations in the paragraph.

18. Charter Oak denies the allegations in the paragraph.

19. Charter Oak denies the allegations in the paragraph.

20. Charter Oak denies the allegations in the paragraph.

To the extent a response to the Wherefore Clause is required, Charter Oak denies all allegations contained in it.

## COUNT II

21. Charter Oak incorporates its responses to paragraphs 16 through 20 as its response to paragraph 21.

22. Charter Oak denies the allegations in the paragraph.

23. Charter Oak denies the allegations in the paragraph.

24. Charter Oak denies the allegations in the paragraph.

25. Charter Oak denies the allegations in the paragraph.

To the extent a response to the Wherefore Clause is required, Charter Oak denies all allegations contained in it.

## COUNT III

26. Charter Oak incorporates its responses to paragraphs 21 through 25 as its response to paragraph 26.

27. Charter Oak denies the allegations in the paragraph.

28. Charter Oak denies the allegations in the paragraph.

To the extent a response to the Wherefore Clause is required, Charter Oak denies all allegations contained in it.

## COUNT IV

29. Charter Oak incorporates its responses to paragraphs 26 through 28 as its response to paragraph 29.

30. Charter Oak denies the allegations in the paragraph.

31. Charter Oak denies the allegations in the paragraph.

To the extent a response to the Wherefore Clause is required, Charter Oak denies all allegations contained in it.

## COUNT V

32. Charter Oak incorporates its responses to paragraphs 29 through 31 as its response to paragraph 32.

33. Charter Oak denies the allegations in the paragraph.

34. Charter Oak denies the allegations in the paragraph.

To the extent a response to the Wherefore Clause is required, Charter Oak denies all allegations contained in it.

## COUNT VI

35. Charter Oak incorporates its responses to paragraphs 32 through 34 as its response to paragraph 35.

36. Charter Oak denies the allegations in the paragraph.

37. Charter Oak denies the allegations in the paragraph.

38. Charter Oak denies the allegations in the paragraph, including all sub-parts.

39. Charter Oak denies the allegations in the paragraph.

40. Charter Oak denies the allegations in the paragraph.

41. Charter Oak denies the allegations in the paragraph.

To the extent a response to the Wherefore Clause is required, Charter Oak denies all allegations contained in it.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Policy provides as follows:

> No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in the commonwealth unless commenced within two years from the time the loss occurred…

The loss for which the plaintiffs seek recovery occurred more than two years before the commencement of this action.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to the relief sought because all claims for loss or damage from the fire at the Premises were abandoned during their respective bankruptcy proceedings.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs are not entitled to relief sought to the extent that Charter Oak has already made payments for the claimed loss from the fire.

### FIFTH AFFIRMATIVE DEFENSE

The Policy provides as follows:

> 3. **Duties in the Event of Loss or Damage**
>
>    a. You must see that the following are done in the event of loss of or damage to Covered Property:
>    …
>    (2) Give us prompt notice of the loss or damage. Include a description of the property involved.
>    …

        (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

        (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

        ...

        (8) Cooperate with us in the investigation and settlement of the claim.

    **b.**    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an Insured's books, and records. In the event of an examination, an insured's answers must be signed.

The plaintiffs are not entitled to the relief sought because of noncompliance with the Duties in the Event of Loss or Damage.

**WHEREFORE**, Charter Oak demands judgment:

(1)    against the plaintiffs dismissing the Complaint with prejudice together with costs and disbursements of this action;

(2)    granting other such relief as the Court deems just and proper.

7

DEFENDANT,
THE CHARTER OAK FIRE
INSURANCE COMPANY,

*/s/ Wystan M. Ackerman*
Wystan M. Ackerman, BBO #651086
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8299
E-mail: wackerman@rc.com

Dated: March 3, 2004

## CERTIFICATE OF SERVICE

I, Wystan M. Ackerman, hereby certify that on this 3rd day of March, 2004, I served a true copy of the foregoing Defendant's Answer And Affirmative Defenses via first-class mail, postage prepaid, upon the following:

Mark J. Albano, Esq.
Dalsey, Ferrara & Albano
73 State Street, Suite 101
Springfield, MA  01103-2069

*/s/ Wystan M. Ackerman*
Wystan M. Ackerman