**Commonwealth of Massachusetts**
HAMPDEN SUPERIOR COURT
**Case Summary**
**Civil Docket**

# HDCV2004-00159

## Dimaio Family Pizza & Luncheonette Inc et al v Charter Oak Fire Insurance Company

| | | | | | |
|---|---|---|---|---|---|
| File Date | 02/12/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 03/11/2004 | Session | B - Civil B - CtRm 5 | | |
| Origin | 1 | Case Type | A99 - Misc contract | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 05/12/2004 | Answer | 07/11/2004 | Rule12/19/20 | 07/11/2004 |
| Rule 15 | 07/11/2004 | Discovery | 12/08/2004 | Rule 56 | 01/07/2005 |
| Final PTC | 02/06/2005 | Disposition | 04/07/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Dimaio Family Pizza & Luncheonette Inc
Active 02/12/2004

**Private Counsel 013860**
Mark J Albano
Dalsey Ferrara & Albano
73 State Street
Suite 101
Springfield, MA 01103-2069
Phone: 413-736-6971
Fax: 413-746-9224
Active 02/12/2004 Notify

**Plaintiff**
Anthony A  Dimaio
Active 02/12/2004

*** See Attorney Information Above ***

**Defendant**
The  Charter Oak Fire Insurance Company
Served: 02/17/2004
Served (answr pending) 02/26/2004

**Private Counsel 651086**
Wystan M Ackerman
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Phone: 860-275-8200
Fax: 860-275-8299
Active 03/08/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/12/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 02/12/2004 | | Origin 1, Type A99, Track F. |
| 02/26/2004 | 2.0 | Affidavit of compliance with long-arm statute with proof of service on out of state defendant The Charter Oak Fire Insurance Company |
| 03/08/2004 | 3.0 | Notice of filing and Copy of Petition for Removal to the United States District Court filed by The Charter Oak Fire Insurance Company |
| 03/11/2004 | 4.0 | Original Case REMOVED this date to US District Court of Massachusetts. |

**Commonwealth of Massachusetts**
**HAMPDEN SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## HDCV2004-00159

## Dimaio Family Pizza & Luncheonette Inc et al v Charter Oak Fire Insurance Company



A TRUE COPY
OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
*12th* day of *March 2004*

*Karen Spindler*
Deputy Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

Hampden, ss.                                                    Superior Court

DIMAIO FAMILY PIZZA &
LUNCHEONETTE, INC. and
ANTHONY A. DIMAIO,

                    Plaintiffs,                    Civil Action No.: HDCV2004-00159B

        v.

THE CHARTER OAK FIRE
    INSURANCE COMPANY,

                    Defendant.

**AFFIDAVIT OF SERVICE OVER THE DEFENDANT,
THE CHARTER OAK FIRE INSURANCE COMPANY**

Mark J. Albano, being duly sworn, does state pursuant to Mass. Gen. Laws, Ch.

233A, § 6(b) as follows:

1.      I am counsel for the plaintiffs in the above-referenced and, as such, I have

personal knowledge of the facts set forth herein.

2.      A copy of the Summons over the defendant, The Charter Oak Fire Insurance

Company, and of the Complaint for Monetary Relief with Demand for a Jury Trial, and of

the related Civil Action Cover Sheet, were mailed by me to the officer, managing or general

agent or person in charge of business of the defendant, The Charter Oak Fire Insurance

Company, d/b/a/ Travelers Property Casualty, all pursuant to General Laws, Ch. 233A,

§ 6(a)(3) and Mass. R. Civ. P. 4(e)(1), on February 12, 2004, by certified mail, return

receipt requested, Article No.: 7001 1140 0003 4425 8862, to the defendant's headquarters

1

as alleged in the aforementioned Complaint at One Tower Square, Hartford, Connecticut, 06183-2808.

3.    On February 17, 2004, I received the original return receipt, which is attached and incorporated by reference, indicating that the aforementioned documents forwarded by me on February 12, 2004, were received by the defendant, The Charter Oak Fire Insurance Company, on February 14, 2004.

Signed under the penalties of perjury this 24th day of February 24, 2004.

Dated:  February 24, 2004

THE PLAINTIFFS,
DIMAIO FAMILY PIZZA &
   LUNCHEONETTE, INC. and
   ANTHONY A. DIMAIO,


By: _____
Mark J. Albano, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA  01103-2069
Tel. (413) 736-6971
Fax. (413) 746-9224
B.B.O. No.:  013860



A true copy.

Attest:

_____
Karen Spindler
Deputy Assistant Clerk

**CERTIFICATE OF SERVICE**

I, Mark J. Albano, Esq., hereby certify that a copy of the foregoing document was mailed upon the following persons, by first class mail, postage prepaid, on this the 24th day of February 2004:

John E. Tener, Esq.
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108

Mark J. Albano, Esq.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. ~~BDCV~~2004-00159B**

DIMAIO FAMILY PIZZA &
LUNCHEONETTE, INC. and
ANTHONY A. DIMAIO,

—————————————————, PLAINTIFF(S)

V.

**SUMMONS**

THE CHARTER OAK FIRE

—————————————————, DEFENDANT(S)

INSURANCE COMPANY

To the above named defendant: The Charter Oak Fire
Insurance Company

You are hereby summoned and required to serve upon
Mark J. Albano, Esq.
73 State St., Springfield, MA 01103 —————————, plaintiff's attorney, whose address is —————————, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the ———————— 12th ————————day of February ———————— in the year of our Lord two thousand ~~three~~ four.

*[signature]*

Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

*[Left margin, rotated text:]* NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G- 0

• Sender: Please print your name, address, and ZIP+4 in this box •

    Mark J. Albano, Esq.
    DASLEY, FERRARA & ALBANO
    73 State Street
    Suite 101
    Springfield, MA 01103

Dimaio

13

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                          ☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

JEFFREY L. BURDI...    FEB 1 ...

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

1. Article Addressed to:

Officer, Managing or General
Agent or Person in Charge
of Business of
THE CHARTER OAK FIRE INSURANCE
COMPANY d/b/a Travelers
Property Casualty
One Tower Square
Hartford, CT 06183-2808

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
   (*Transfer from service label*)    7001 1140 0003 4425 8862

PS Form 3811, August 2001    Domestic Return Receipt    10259 5-0 -M-2509

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04 159 | Trial Court of Massachusetts Superior Court Department County: Hampden |
|---|---|---|

**PLAINTIFF(S)**
Dimaio Family Pizza & Luncheonette, Inc., and Anthony A. Dimaio

**DEFENDANT(S)**
The Charter Oak Fire Insurance Company

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 413.736.6971
Mark J. Albano, Esq.,
Dalsey, Ferrara & Albano
73 State Street, Springfield, MA 01103
Board of Bar Overseers number: 013860

**ATTORNEY (if known)**

Unknown

## Origin code and track designation

Place an x in one box only:
- [XX] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Breach of Insurance Policy | (F) | (X) Yes     ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

HAMPDEN COUNTY
SUPERIOR COURT
FILED
FEB 12 2004
CLERK-MAGISTRATE

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
                                                         Subtotal $ . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . $ . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . $ . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . .
F. Other documented items of damages (describe)
                                                                   $ . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                   $ . . . . . . . .
                                                         TOTAL $ . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

This is an action for breach of a fire insurance policy. The Plaintiffs' claim equitable relief and monetary damages of $920,000.00.

                                                  TOTAL $ 920,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT      Not applicable

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 2/12/04
                              Mark J. Albano, Esq.      A true copy
                                                         Attest:

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

Karen Spindler
Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

Hampden, ss.                                      Superior Court

DIMAIO FAMILY PIZZA &                    )
  LUNCHEONETTE, INC. and              )
ANTHONY A. DIMAIO,                       )
                                         )
        Plaintiffs,             )     Civil Action No.:   **04    159**
                                         )
    v.                                 )     HAMPDEN  COUNTY
                                         )     SUPERIOR  COURT
THE CHARTER OAK FIRE                     )     **FILED**
  INSURANCE COMPANY,                     )
                                         )     FEB 1 2 2004
        Defendant.              )
                                         )     _Marie S. Mazza_
                                               CLERK-MAGISTRATE

**COMPLAINT FOR EQUITABLE AND MONETARY RELIEF
WITH DEMAND FOR A JURY TRIAL**

*A. Parties.*

    1.    The plaintiff, Dimaio Family Pizza & Luncheonette, Inc. (hereinafter

"Dimaio Pizza"), is a duly organized and existing Massachusetts corporation which at all

times material maintained a principal place of business at 268 State Road, Whately,

Massachusetts.

    2.    The plaintiff, Anthony A. Dimaio (hereinafter "Dimaio"), is a natural person

who resides at 14 Arvilla Street, Springfield, Massachusetts.

    3.    The defendant, The Charter Oak Fire Insurance Company (hereinafter

"Charter Oak"), is a duly organized and existing corporation authorized and licensed to

transact the business of insurance in the Commonwealth of Massachusetts, which at all

No. of Pgs. _two_
Fee Paid - $ _240._
Surcharge Paid - $ _15._
Security Fee - Paid - $ _20._
Received by _MEH_

times material conducted its business as Travelers Property Casualty and maintained its principal place of business at One Tower Square, Hartford, Connecticut.

### B. Jurisdiction and Venue.

4.      Jurisdiction over the subject matter of this action is conferred by Massachusetts General Laws, Ch. 212, § 4, Ch. 214, § 1 and Ch. 93A, § 11.

5.      Jurisdiction over Charter Oak is conferred by General Laws, Ch. 223A, § 3, in that this action arises from the conduct of Charter Oak in contracting to insure property located within the Commonwealth of Massachusetts.

6.      Venue in this Court is proper pursuant to General Laws, Ch. 223, sec. 3, in that Dimaio resides in Hampden County.

### C. Factual Circumstances.

7.      At all times material, Dimaio owned real estate with a commercial restaurant building situated thereon, all located at 268 State Road, Whatley, Massachusetts (hereinafter "the Premises").

8.      At all times material, Dimaio and Dimaio Pizza operated a restaurant business at and owned related business personal property located on the Premises.

9.      On or about February 18, 2000, the plaintiffs purchased from Charter Oak, for substantial premiums duly paid, a Commercial Property Insurance Policy, being numbered I-660-575X1693-COF-00 (hereinafter "the Policy"), which provided for all risk coverage for loss or damage to the Premises and to the plaintiffs' business personal property thereon and for the plaintiffs' loss of business income.

2

10.    The Policy provided the plaintiffs with coverage for the building on the Premises at replacement cost in the agreed value of $550,000, for the plaintiffs' business personal property on the Premises at replacement cost in the agreed value of $250,000 and for the plaintiffs' loss of business income with extra expense in the amount of $120,000

11.    On or about December 18, 2000, while the Policy and the contract of insurance between Charter Oak and the plaintiffs was in full force and effect, the Premises and the building and the plaintiffs' related business personal property thereon were severely damaged and destroyed by fire, and the plaintiffs sustained a resulting loss of business income.

12.    Immediately thereafter, notice of this fire and of the related damage to the Premises and to the plaintiffs' business personal property and of the related losses and expenses sustained by the plaintiffs (hereinafter "the Loss"), was timely and properly given by the plaintiffs to Charter Oak, and the plaintiffs at all times rendered timely, proper, complete and accurate information and statements of loss, and fully cooperated with the investigation of Charter Oak concerning the Loss, all in accordance with the terms of the Policy.

13.    From the date of the Loss to the present, the plaintiffs have made due and proper demand for replacement of their property or for payment under the Policy or for referral of their claim to reference within the terms of the Policy.

14.    By letter dated November 10, 2003, Charter Oak, by its counsel, notified the plaintiffs for the first time that Charter Oak was denying coverage to the plaintiffs for the

3

Loss and would refuse to proceed to reference on the plaintiffs' claims arising from the Loss.

15.    As a direct and proximate result of the disclaimer by Charter Oak of coverage under the Policy for the Loss, and of the failure and refusal of Charter Oak to pay to the plaintiffs the amounts due under the Policy on account of the Loss, which amounts now exceed $920,000, Charter Oak has forfeited, waived and relinquished its right to reference under the Policy and the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment including, without limitation, interest on such amount, attorney's fees and costs in enforcing the obligations of Charter Oak under the Policy and other consequential harm and damage.

### D.    Claims For Relief.

### COUNT I

16.    The plaintiffs incorporate by reference the averments of paragraphs 1 through 15.

17.    The failure and refusal of Charter Oak to compensate the plaintiffs for the Loss and the related damages of the plaintiffs constitutes a breach of the obligations of Charter Oak to the plaintiffs under the Policy and a breach of the contract of insurance between the parties, since coverage for the Loss is provided for and is not excluded by the Policy.

4

18.    All of the provisions of the Policy have been fully complied with by the plaintiffs, but Charter Oak has declined and refused to make payment to the plaintiffs for the damage sustained by the plaintiffs in the Loss, which damage is covered by the Policy.

19.    As a direct and proximate result of the failure and refusal of Charter Oak to pay to the plaintiffs the amounts due under the Policy on account of the Loss, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

20.    All conditions precedent and jurisdictional prerequisites to the maintenance of the claims of the plaintiffs under the Policy and to the maintenance this action have been duly and timely satisfied by the plaintiffs.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate.

## COUNT II

21.    The plaintiffs incorporate by reference the averments of paragraphs 16 through 20.

22.    The failure and refusal of Charter Oak to compensate the plaintiffs for the Loss and the related damages of the plaintiffs constitutes a breach of the obligations of Charter Oak to the plaintiffs under the Policy and a breach of the contract between the

5

parties and is contrary to the objectively reasonable expectations of the plaintiffs regarding the terms of the Policy and the coverage afforded to the plaintiffs thereunder.

23.    All of the provisions of the Policy have been fully complied with by the plaintiffs, but Charter Oak has declined and refused to make payment to the plaintiffs for the damage sustained by the plaintiffs in the Loss, which damage is covered by the Policy or within the objectively reasonable expectations of the plaintiffs regarding the terms of the Policy and the coverage afforded to the plaintiffs thereunder.

24.    As a direct and proximate result of the failure and refusal of Charter Oak to pay the plaintiffs the amounts due under the Policy on account of the Loss, within the objectively reasonable expectations of the plaintiffs regarding the terms of the Policy and the coverage afforded to the plaintiffs thereunder, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

25.    All conditions precedent and jurisdictional prerequisites to the maintenance of the claims of the plaintiffs under the Policy and to the maintenance this action have been duly and timely satisfied by the plaintiffs.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate.

## COUNT III

26.    The plaintiffs incorporate by reference the averments of paragraphs 21 through 25.

27.    Charter Oak is estopped by its aforementioned actions and omissions from denying that the Loss and the plaintiffs' related claims are covered by and payable under the Policy and from claiming that the Loss and the plaintiffs' related claims are excluded by the Policy.

28.    As a direct and proximate result of the aforementioned actions and omissions of Charter Oak and of the failure and refusal of Charter Oak to pay to the plaintiffs the amounts otherwise due under the Policy on account of the Loss, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate, including a reformation of the Policy to negate any exclusion from or limitation on coverage for the Loss.

## COUNT IV

29.    The plaintiffs incorporate by reference the averments of paragraphs 26 through 28.

30.     By its aforementioned actions and omissions, Charter Oak has knowingly relinquished and waived its right to deny or disclaim that the Loss and the plaintiffs' related claims are covered by and payable under the terms of the Policy.

31.     As a direct and proximate result of the aforementioned actions and omissions of Charter Oak and of the failure and refusal of Charter Oak to pay to the plaintiffs the amounts otherwise due under the Policy on account of the Loss, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate, including a reformation of the Policy to negate any exclusion from or limitation on coverage for the Loss.

COUNT V

32.     The plaintiffs incorporate by reference the averments of paragraphs 29 through 31.

33.     The aforementioned actions and omissions of Charter Oak constitute a breach of the covenant of good faith and fair dealing implied in the Policy and in the contract of insurance between the plaintiffs and Charter Oak.

34.     As a direct and proximate result of the aforementioned actions and omissions of Charter Oak and of the failure and refusal of Charter Oak to pay to the plaintiffs the

8

amounts otherwise due under the Policy on account of the Loss, in breach of the covenant of good faith and fair dealing implied in the Policy and in the contract of insurance between the plaintiffs and Charter Oak, the plaintiffs have suffered and continue to suffer great financial loss and damage and other harm and legal detriment.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, for compensatory damages, including statutory interest from the date of demand, statutory prejudgment interest, costs, attorneys fees and such other and further monetary and equitable relief as the Court deems appropriate, including a reformation of the Policy to negate any exclusion from or limitation on coverage for the Loss.

## COUNT VI

35.    The plaintiffs incorporate by reference the averments of paragraphs 32 through 34.

36.    At all times material, Charter Oak was, with respect to its aforementioned acts and omissions, engaged in trade or commerce within the meaning of Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

37.    The aforementioned acts and omissions of Charter Oak constitute unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

38.    In addition, Charter Oak has committed unfair and deceptive acts and practices prohibited by Massachusetts General Laws, Ch. 93A, §§ 2 and 11 by engaging in

9

conduct which is in violation of the minimum standards of conduct pertaining to insurance claims practices, all as established by Massachusetts General Laws, Ch. 176D, § 3, including:

a) Misrepresenting the benefits, advantages, conditions, or terms of the Policy;

b) Misrepresentation for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion, or surrender of any insurance policy;

c) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

d) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

e) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

f) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

g) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

h) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

i) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

j) Delaying the investigation or payment of claims by requiring that an insured submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information; and

k) Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

39.    As a direct and proximate result of the aforementioned unfair and deceptive acts and practices of Charter Oak, the plaintiffs have suffered financial loss and detriment.

40.    Charter Oak has engaged in willful and knowing violations of Massachusetts General Laws, Ch. 93A, §§ 2 and 11, and the refusal and failure of Charter Oak to grant reasonable related relief to the plaintiffs, upon the prior requests of the plaintiffs and upon the requests and claims of the plaintiffs as set forth in this litigation, were and continue to be made by Charter Oak in bad faith with knowledge or reason to know that the acts and practices complained of by the plaintiffs herein violate Massachusetts General Laws, Ch. 93A, §§ 2 and 11.

41.    All conditions precedent and jurisdictional prerequisites to the maintenance of this action have been satisfied by the plaintiffs.

WHEREFORE, the plaintiffs, Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, demand judgment against the defendant, The Charter Oak Fire Insurance Company, as follows:

a.      for actual and compensatory damages as alleged herein;

b.      for treble those actual and compensatory damages;

c.      for their costs and reasonable attorneys fees incurred in bringing this action;

d.      for statutory interest and costs;

e.      for reformation of the Policy to negate any exclusion from or limitation on coverage for the Loss; and

f.      for such other and further monetary or equitable relief as the Court deems appropriate.

### E. Jury Demand.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES HEREIN RAISED.

Dated: February 12, 2004

THE PLAINTIFFS,
DIMAIO FAMILY PIZZA &
LUNCHEONETTE, INC. and
ANTHONY A. DIMAIO,

By: _____

Mark J. Albano, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA 01103-2069
Tel. (413) 736-6971
Fax. (413) 746-9224
B.B.O. No.: 013860

A true copy.

Attest:

_Karen Spindler_

Deputy Assistant Clerk

12