## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| **DIMAIO FAMILY PIZZA &** ) | |
| **LUNCHEONETTE, INC. and** ) | |
| **ANTHONY A. DIMAIO,** ) | |
| ) | |
| **Plaintiffs,** ) | **Civil Action No. 04-30046-KPN** |
| ) | |
| **v.** ) | |
| ) | |
| **THE CHARTER OAK FIRE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1, the parties submit the following Joint Statement.

**I.    Agenda of Matters to Discuss at Scheduling Conference**

The parties propose the following items for discussion:

A.    The parties suggest that phased discovery, as contemplated by Local Rule 16.1(D)(1)(b), is appropriate in this case. The parties contemplate an initial stage of the case that will involve brief discovery of facts pertinent to two threshold issues pressed by the defendant regarding (1) the applicability of the policy's two-year suit limitation period and (2) whether the claims asserted in this action were abandoned in the plaintiffs' bankruptcy proceedings. In particular, the defendant intends to argue the issue of whether the insured's bankruptcy and the actions of the bankruptcy trustee in not pursuing the insurance claim had any tolling effect on the two-year suit limitation period, and whether the actions of the bankruptcy trustee constituted an abandonment of the claim. Following discovery on these two threshold issues, the defendant's motion for summary judgment on the issues would be filed. Given that the case was not commenced within the policy's two-year suit limitation period, the defendant believes that the suit limitation period is a threshold issue that should be resolved before any substantial discovery on other issues is taken.

B.    If the motion for summary judgment on the suit limitation period issue is resolved by the Court in favor of the plaintiff, the parties then contemplate that full-scale discovery regarding the insurance claim itself would become necessary. The parties

would propose that, if necessary following such a ruling, a status conference should be set by the Court at which a discovery schedule for the second phase of the case would be set.

## II.    Discovery Schedule For Initial Phase Of Case

Apart from the automatic disclosures required by Local Rule 26.2(A), the parties propose that limited discovery during the initial phase of the case on the suit limitation period issue proceed as follows:

| Event | Completion or Filing Date |
|---|---|
| Written discovery requests served, as deemed necessary (limited to suit limitation period issue) | April 16, 2004 |
| Responses to written discovery requests due (or within 30 days of service of discovery requests) | May 17, 2004 |
| Depositions taken and completed, as deemed necessary (limited to suit limitation period issue) | June 11, 2004 |

## III.    Schedule For Cross-Motions For Summary Judgment On Suit Limitation Period Issue

The parties have agreed to the following briefing schedule on the proposed motion for summary judgment on the suit limitation period issue:

1.    Defendant will file its motion for summary judgment by July 2, 2004;

2.    Plaintiffs will file their opposition and cross-motion by July 23, 2004;

3.    A hearing will be set by the court at any time after the briefing is complete.

## IV.    Initial Disclosures

Plaintiffs and defendant will serve their initial disclosures not later than May 7, 2004.

## V.    Trial of this Matter by a Magistrate Judge

The parties have agreed to the trial of this matter by a magistrate.

**VII.    Settlement Proposals**

In accordance with Local Rule 16.1(C), the plaintiffs presented a written settlement proposal to the defendant by letter dated March 31, 2004.  Defense counsel has conferred with his clients on the subject of settlement and is prepared to respond to the proposal at the scheduling conference.

**VIII.   Certification Pursuant to Local Rule 16.1**

The parties and their counsel will promptly file their Local Rule 16.1 Certifications with the Court.

Dated:  March 31, 2004

| | |
|---|---|
| THE PLAINTIFFS,<br>DIMAIO FAMILY PIZZA &<br>LUNCHEONETTE, INC. and<br>ANTHONY A. DIMAIO, | THE DEFENDANT,<br>THE CHARTER OAK FIRE<br>INSURANCE COMPANY |

By: /s/Mark J. Albano_____

    Mark J. Albano (BBO # 013860)
    DALSEY, FERRARA & ALBANO
    73 State Street, Suite 101
    Springfield, MA  01103-2069
    Boston, MA 02108-4404
    Tel. (413) 736-6971
    Fax. (413) 746-9224
    E-mail: malbano@dalsey-ferrara.com

By: /s/ Wystan M. Ackerman_____

    Gerald P. Dwyer, Jr. (*pro hac vice*)
    Wystan M. Ackerman (BBO #651086)
    ROBINSON & COLE LLP
    280 Trumbull Street
    Hartford, CT 06103
    Tel. (860) 275-8200
    Fax. (860) 275-8299
    E-mail: gdwyer@rc.com
    E-mail: wackerman@rc.com