UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIMAIO FAMILY PIZZA & LUNCHEONETTE, INC. and ANTHONY A. DIMAIO,<br><br>Plaintiffs,<br><br>v.<br><br>THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 04-30046-KPN |

**DEFENDANT THE CHARTER OAK FIRE INSURANCE COMPANY'S CONCISE STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1 AND IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1.  Charter Oak issued policy number I-660-575X1693-COF-00 ("the Policy"), effective February 18, 2000 to February 18, 2001, to the Villa DiMaio Restaurant. The Policy provides, subject to its terms, certain property insurance coverage for loss or damage caused by fire. The two plaintiffs in this case claim rights under the Policy even though their names do not appear on the Policy. (Affidavit of David Reed ("Reed Aff.") at ¶ 3).

2.  In pertinent part, the Policy provides in the Massachussetts Change endorsement:

    Standard Fire Policy Provisions

    **Suit.** No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred: provided, however, that if, within said two years, in accordance with the provisions of the preceding paragraph, the amount of the loss shall have been referred to arbitration after failure of the parties to agree thereon, the limitation of time for bringing suit shall in no event be less than ninety days after a valid award has been made upon such reference or after such reference or award has been expressly waived by the parties. If suit or action upon this policy is enjoined or abated, suit or action may be commenced at any time within one year after the

dissolution of such injunction, or the abatement of such suit or action, to the same extent as would be possible if there was no limitation of time provided herein for the bringing of such suit or action.

(*Id.* at ¶ 4 & **Tab 1** thereto).

3. The Massachusetts Changes endorsement (CP T3 11 07 86) was endorsed to and is a valid part of the Policy, and contains the suit-limitation provision quoted above. (*Id.*)

4. The plaintiffs operated a restaurant business at 268 State Road, Whately, Massachusetts. (*Id.* at ¶ 5).

5. On or about December 18, 2000, the restaurant sustained damage from a fire. (*Id.* at ¶ 6).

6. On or about December 20, 2000, the plaintiffs presented a notice of loss under the Policy seeking the payment of insurance proceeds for the loss caused by the fire. (*Id.*).

7. David Reed was the person assigned to handle the plaintiffs' claim on behalf of Charter Oak, and he worked with the plaintiffs and their representatives throughout the claim process. (*Id.*).

8. In response to the claim presented, David Reed wrote to Anthony DiMaio and advised that the claim was being investigated and that all rights and defenses under the Policy were being reserved. (*Id.* at ¶ 7 & **Tab 2** thereto).

9. A true and correct copy of David Reed's December 21, 2000 letter to Mr. DiMaio is attached at **Tab 2 to** Mr. Reed's affidavit. (*Id.*).

10. Anthony DiMaio retained Fredi Ann Goldman, Esq. as legal counsel in connection with the insurance claim on or about April 27, 2001. (*Id.* at ¶ 8 & **Tab 3** thereto).

11. A true and correct copy of Attorney Goldman's April 27, 2001 letter of representation is attached at **Tab 3** to Mr. Reed's affidavit. (*Id.*).

12. On December 18, 2001, Anthony A. DiMaio filed a bankruptcy petition. (*Id.* at ¶ 9).

13. Attorney Peter M. Stern of Springfield, Massachusetts was counsel to Mr. DiMaio in the bankruptcy proceeding. (*Id.* at ¶ 10).

14. On March 12, 2002, Joseph B. Collins, Esq., the bankruptcy trustee for Anthony DiMaio's bankruptcy, sent a letter to Travelers Property Casualty wherein Attorney Collins wrote that "the purpose of this letter is to inform you that the insurance policy and any claim against it are now property of Mr. DiMaio's bankruptcy estate." (*Id.* at ¶ 11 & **Tab 4** thereto).

15. A true and correct copy of the Attorney Collins's March 12, 2002 letter is attached at **Tab 4** to Mr. Reed's affidavit. (*Id.*).

16. Prior to the December 18, 2000 fire, Villa DiMaio Family Pizza, Inc. had filed a petition for bankruptcy. (*Id.* at ¶ 12).

17. Villa DiMaio Family Pizza, Inc. was represented by Attorney Peter M. Stern of Springfield, Massachusetts as counsel in the bankruptcy proceeding. (*Id.* at ¶ 13).

18. In March 2001, David W. Ostrander, Esq. was appointed the bankruptcy trustee for the Villa DiMaio Family Pizza, Inc. bankruptcy. (*Id.* at ¶ 14).

19. At the request of the two bankruptcy trustees, on December 16, 2002, Charter Oak extended the suit limitation in the Policy to allow the bankruptcy estates of the plaintiffs until February 17, 2003 to commence an action for recovery under the Policy. (*Id.* at ¶ 15).

20. Had the suit limitation not been so extended, the time to commence such an action would have expired on December 18, 2002, the second anniversary of the fire. (*Id.*).

21. Again at the request of the bankruptcy trustees, Travelers lengthened the extension of time for the bankruptcy estates to commence an action for recovery under the Policy until April 11, 2003. (*Id.* at ¶ 16).

22. The plaintiffs never requested or received, in their own capacities, any extension of the suit limitation for commencing action for recovery under the Policy. (*Id.* at ¶ 17).

23. Neither the plaintiffs nor the bankruptcy trustees ever sought or received any further extension of the suit limitation under the Policy beyond April 11, 2003. (*Id.* at ¶ 18).

24. Neither the plaintiffs nor anyone on their behalves filed an action for recovery under the Policy until February 12, 2004, a date which is over ten months after the extension of the suit limitation had expired on April 11, 2003. (*Id.* at ¶ 19).

25. On March 23, 2001, the bankruptcy court appointed David W. Ostrander as trustee for the bankruptcy estate of Villa DiMaio Family Pizza, Inc. (Affidavit of Lori A. Gizzi ("Gizzi Aff.") at ¶ 5 & **Tab 1** thereto).

26. On March 28, 2001, David W. Ostrander applied to the bankruptcy court to employ counsel to the trustee, among other purposes, "to commence legal action to collect outstanding accounts receivable" of the estate. (*Id.* at ¶ 5 & **Tab 2**).

27. On April 13, 2001, the Honorable Henry J. Boroff, U.S. Bankruptcy Judge, granted the application to employ counsel to the trustee. (*Id.* at ¶ 5 & **Tab 3**).

28. On March 7, 2003, CIT Small Business Lending Corporation ("CIT"), a creditor of DiMaio Family Pizza & Luncheonette, Inc., which is the proper name of the debtor despite the fact that the bankruptcy petition was commenced under the name Villa DiMaio Family Pizza, Inc., filed a Motion To Compel Abandonment Or In The

Alternative For Order Requiring Adequate Protection, which sought to compel the trustee for the estate of Villa DiMaio Family Pizza, Inc. to abandon any claim to insurance proceeds relative to the December 18, 2000 fire. (*Id.* at ¶ 5 & **Tab 4**).

29. On April 2, 2003, the Honorable Henry J. Boroff, U.S. Bankruptcy Judge, granted CIT's Motion To Compel Abandonment Or In The Alternative For Order Requiring Adequate Protection. (*Id.* at ¶ 5 & **Tab 5**).

30. On March 16, 2004, the bankruptcy case for Villa DiMaio Family Pizza, Inc. was closed and the trustee was discharged. (*Id.* at ¶ 5 & **Tab 6**).

31. On January 9, 2002, Joseph B. Collins was appointed trustee for the bankruptcy estate of Anthony A. DiMaio. (*Id.* at ¶ 6 & **Tab 7**).

32. On March 13, 2002, Joseph B. Collins applied to the bankruptcy court to employ counsel to the trustee, among other purposes, "to pursue all lawful claims of the estate." (*Id.* at ¶ 6 & **Tab 8**).

33. On March 29, 2002, the Honorable Henry J. Boroff, Bankruptcy Judge, granted the application to employ counsel to the trustee. (*Id.* at ¶ 6 & **Tab 9**).

34. On June 13, 2003, CIT filed an Assented Motion To Compel Abandonment seeking, among other things, that the trustee for Anthony A. DiMaio abandon all interest in the insurance proceeds relative to the December 18, 2000 fire. (*Id.* at ¶ 6 & **Tab 10**).

35. On June 20, 2003, the bankruptcy court granted the Assented Motion To Compel Abandonment. (*Id.* at ¶ 6 & **Tab 11**).

36. On March 30, 2004, the bankruptcy case of Anthony A. DiMaio was closed and the trustee was discharged. (*Id.* at ¶ 6 & **Tab 12**).

Dated: July 9, 2004

DEFENDANT,
THE CHARTER OAK FIRE INSURANCE COMPANY

By: _____
Gerald P. Dwyer, Jr., BBO# 631475
Wystan M. Ackerman, BBO #651086
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Tel.: (860) 275-8200
Fax: (860) 275-8299
E-mail: gdwyer@rc.com
E-mail: wackerman@rc.com