## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DIMAIO FAMILY PIZZA &** ) | |
| **LUNCHEONETTE, INC. and** ) | |
| **ANTHONY A. DIMAIO,** ) | |
| ) | |
| **Plaintiffs,** ) | **Civil Action No. 04-30046-KPN** |
| ) | |
| **v.** ) | |
| ) | |
| **THE CHARTER OAK FIRE** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

### AFFIDAVIT OF LORI A. GIZZI

I, Lori A. Gizzi, being over the age of 18 and duly sworn, do depose and say as follows:

1.    I am a paralegal with the law firm of Robinson & Cole LLP, counsel to the defendant in this matter. I work in the Hartford, Connecticut office, which is located at 280 Trumbull Street, Hartford, Connecticut. I have been a paralegal for the firm for over three (3) years and have over ten (10) years of experience working as a paralegal.

2.    This affidavit is based on my personal knowledge.

3.    I have been trained to use and am familiar with certain on-line means to access court files, including without limitation, PACER.

4.    Within the last week, I utilized PACER, an on-line court link to the files maintained by United States Bankruptcy Court, District of Massachusetts. Through the use of PACER, I obtained true and correct copies of certain docket entries in the bankruptcy proceedings of (a) Villa Dimaio Family Pizza, Inc., Case No. 00-40924, and (b) Anthony A. Dimaio, Case No. 01-47718.

1

5.     Attached hereto are true and correct copies of the following docket entries in the bankruptcy proceeding of Villa Dimaio Family Pizza, Inc., Case No. 00-40924:

(a)     Docket Entry #49 ▪ CERTIFICATE OF APPOINTMENT OF INTERIM TRUSTEE AND APPROVAL OF STANDING BOND, dated March 23, 2001, attached hereto at **Tab 1**;

(b)     Docket Entry #53 ▪ APPLICATION TO EMPLOY COUNSEL TO THE TRUSTEE, dated March 28, 2001, attached hereto at **Tab 2**;

(c)     Docket Entry #55 ▪ ORDER ON APPLICATION TO EMPLOY COUNSEL TO TRUSTEE, dated April 13, 2001, attached hereto at **Tab 3**;

(d)     Docket Entry #70 ▪ MOTION TO COMPEL ABANDONMENT OR IN THE ALTERNATIVE FOR ORDER REQUIRING ADEQUATE PROTECTION, dated February 26, 2003, attached hereto at **Tab 4**;

(e)     Docket Entry #72 ▪ ORDER granting Motion To Compel Abandonment, or alternatively, For Adequate Protection, dated April 4, 2003, attached hereto at **Tab 5**; and

(f)     Docket Entry #73 ▪ ORDER DISCHARGING TRUSTEE AND CLOSING CASE, dated March 16, 2004, attached hereto at **Tab 6**.

6.     Attached hereto are true and correct copies of the following docket entries in the bankruptcy proceeding of Anthony A. Dimaio, Case No. 01-47718:

(a)     Docket Entry #7 ▪ CERTIFICATE OF APPOINTMENT OF INTERIM TRUSTEE AND APPROVAL OF STANDING BOND, dated January 9, 2002, attached hereto at **Tab 7**;

(b)      Docket Entry #11 ▪ APPLICATION FOR ORDER AUTHORIZING

TRUSTEE TO EMPLOY COUNSEL TO THE TRUSTEE, dated March 11, 2002,

attached hereto at **Tab 8**;

(c)      Docket Entry #13 ▪ ORDER AUTHORIZING TRUSTEE TO EMPLOY

COUNSEL TO THE TRUSTEE, dated March 28, 2002, attached hereto at **Tab 9**;

(d)      Docket Entry #40 ▪ ASSENTED TO MOTION TO COMPEL

ABANDONMENT, dated June 11, 2003, attached hereto at **Tab 10**;

(e)      Docket Entry #41 ▪ ORDER allowing Assented To Motion To Compel

Abandonment, dated June 20, 2003, attached hereto at **Tab 11**; and

(f)      Docket Entry #42 ▪ ORDER DISCHARGING TRUSTEE AND

CLOSING CASE, dated March 30, 2004, attached hereto at **Tab 12**.

_____

Lori A. Gizzi

Subscribed and sworn to before me
This 1st day of July, 2004.

_____

Notary Public/Commissioner
of the Superior Court
My Commission Expires: 9/30/2004

# TAB 1

UNITED STATES BANKRUPTCY COURT
District of Massachusetts

Chapter: 7
Case No.: 00 - 40924
Judge:   Henry J. Boroff

Debtor(s):  Villa Dimaio Family Pizza, Inc.

CERTIFICATE OF APPOINTMENT OF INTERIM TRUSTEE AND
APPROVAL OF STANDING BOND

Pursuant to 11 U.S.C. Sec 701(a)(1) David W. Ostrander , Ostrander Law Office P.O. Box 1237 Northampton, MA 01061-1237, is hereby appointed as Interim Trustee in the above-referenced proceeding and is designated to preside at the meeting of creditors. The Trustee's bond is fixed under the general blanket bond heretofore approved. The Trustee shall notify the United States Trustee immediately in the event that the liquid assets exceed $1,000,000.

Pursuant to FRBP 2008 the Trustee will be deemed to have accepted this appointment unless it is rejected within five (5) days of receipt of this notice. Unless another trustee is elected the Interim Trustee appointed herein shall serve as Trustee without further appointment as provided by 11 U.S.C. Sec. 702(d).

Dated:  3/23/01.

J. Christopher Marshall
United States Trustee

Original filed with Bankruptcy Court
Copy to trustee

REJECTION

I, David W. Ostrander , hereby REJECT appointment as Trustee.
Dated: This _____ day of _____, 20 _____ .

David W. Ostrander

Original filed with Bankruptcy Court
Copy to United States Trustee

49-1

# TAB 2

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>    VILLA DIMAIO FAMILY PIZZA, INC.<br><br>            Debtor | Chapter 7<br><br>Case No. 00-40924-HJB |

### APPLICATION TO EMPLOY COUNSEL TO THE TRUSTEE

To the HONORABLE HENRY J. BOROFF, U.S. Bankruptcy Judge:

Now comes David W. Ostrander, Trustee in Bankruptcy ("Trustee") in the above captioned case and respectfully represents as follows:

1. He is the duly appointed, qualified and acting Trustee in the above captioned case.

2. He requests that he be allowed to employ Ostrander Law Office as Counsel To Trustee for the following reasons:

   a) To undertake appropriate legal action for sale of all assets in a "commercially" reasonable manner as required by law and to commence any and all legal actions required in connection therewith.

   b) To prepare and execute all legal instruments required to effect sales of certain of Debtor's assets as may be allowed by this Court.

   c) To undertake legal action as may be required to determine the perfection or want thereof of any and all claims of secured interest in and to the assets or proceeds of the Debtor's property and more specifically as set forth in the Debtor's Schedules.

   d) To undertake legal action to recover possible voidable preferences and fraudulent conveyances as may come to the attention of the Trustee.

   e) To take legal action as may be required to defend the estate against claims for reclamation of property or proceeds thereof of the Debtor(s) which may be made by claimants thereto alleging rights superior to general creditors.

   f) To take legal action as may be required to recover moneys which may have been paid by the Debtor(s) to various parties as may be recovered pursuant to the Bankruptcy Code.

53

g) To commence legal action to collect outstanding accounts receivable as may be required.

h) To conduct examinations of the Debtor(s) and various witnesses as to the actions, conduct and property of the Debtor(s) herein.

i) To prepare applications and reports for which an attorney's services may be necessary.

j) To assist the Trustee when necessary in the investigation to discover all possible assets and reduce the same to cash.

k) To undertake, as may be necessary, other actions required of counsel, upon matters which may hereinafter become known to the Trustee in the usual course of the administration of this estate.

3. The attorneys and staff of Ostrander Law Office are qualified to act in these proceedings and have no interest adverse to this Bankruptcy Estate; for the purpose of full disclosure, however, David W. Ostrander has been appointed as Chapter 7 Trustee for this case.

WHEREFORE, the Trustee prays that he be authorized to employ Ostrander Law Office as Counsel to the Trustee in this case.

Dated: March 28, 2001

David W. Ostrander, Trustee
Ostrander Law Office
P.O. Box 1237
Northampton, MA 01061-1237
Tel. (413) 585-9300  Fax (413) 585-9490

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

| | |
|---|---|
| In re: <br><br> VILLA DIMAIO FAMILY PIZZA, INC. <br><br> Debtor | Chapter 7 <br><br> Case No. 00-40924-HJB |

## AFFIDAVIT PURSUANT TO FRBP 2014(a) AND MLBR 2014-1

1.  I am an attorney admitted to practice in the Commonwealth of Massachusetts and before the U.S. District Court for the District of Massachusetts. I am the principal and an attorney with Ostrander Law Office with an office located at 36 Service Center Road, Northampton, Massachusetts.

2.  Neither I nor any member of my firm holds or represents any interest adverse to the estate of the above-named Debtor.

3.  I am, and each member of my firm is, a "disinterested person" as that term is defined in 11 U.S.C. Section 101(14).

4.  I have no connection with the Debtor, creditors, any other parties in interest in this case, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, except as follows: I am also the Chapter 7 Trustee in this case.

5.  I am not a relative of a judge of the U.S. Bankruptcy Court for the District of Massachusetts, nor a relative of the United States Trustee for said District.

6.  I have not agreed to share with any person (except members of my firm) the compensation to be paid for the services rendered in this case, except as follows: NONE.

7.  I have not received a retainer in this case.

8.  I shall amend this statement immediately upon my learning that (A) any of the within representations are incorrect or (B) there is any change of circumstance relating thereto.

9.  I have reviewed the provisions of MLBR 2016-1

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 28, 2001

Ostrander Law Office

By: _____

David W. Ostrander, Esq., BBO #554004
Ostrander Law Office
P.O. Box 1237
Northampton, MA  01061-1237
(413) 585-9300  Fax (413) 585-9490

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

In re:

VILLA DIMAIO FAMILY PIZZA, INC.                    Chapter 7

Debtor                                             Case No. 00-40924-HJB

## CERTIFICATE OF SERVICE

I, Candace M. Clarke, do hereby certify that I served a copy of the foregoing Application
To Employ Counsel To The Trustee, Order on Application to Employ Counsel, and
Affidavit on the following, via fax transmission only, on March 28, 200i:

Office of the U.S. Trustee
600 Main Street, Suite 200
Worcester, MA  01608

Peter M. Stern, Esq.
Counsel to Debtor
95 State Street, Suite 715
Springfield, MA  01103


Candace M. Clarke, Legal Assistant
Ostrander Law Office
P.O. Box 1237
Northampton, MA  01061-1237
Tel. (413) 585-9300  Fax (413) 585-9490

# TAB 3

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

In re:

    VILLA DIMAIO FAMILY PIZZA, INC.              Chapter 7

            Debtor                            Case No. 00-40924-HJB

## ORDER ON APPLICATION TO EMPLOY COUNSEL TO THE TRUSTEE

Upon consideration of the within Application To Employ Counsel To The Trustee, no objection being filed, no adverse interests having been represented and sufficient reason appearing to me therefore, it is hereby

ORDERED, that the Application of Trustee, David W. Ostrander, to employ Ostrander Law Office as Counsel to the Trustee is hereby allowed. All compensation and fees will be subject to Court approval.

Dated:    4|13|01

                           *Henry Joel Boroff*

                    Honorable Henry J. Boroff
                    U.S. Bankruptcy Judge

ENTERED ON DOCKET
4/17/01

5⁵ᶜ

# TAB 4

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

FILING FEE PAID

In re:                                        )
                                              )
VILLA DIMAIO FAMILY PIZZA, INC.               )    CHAPTER 11
            Debtor                            )    BK. NO: 00-40924-HJB
                                              )

MOTION TO COMPEL ABANDONMENT
OR IN THE ALTERNATIVE FOR ORDER REQUIRING ADEQUATE PROTECTION

TO THE HONORABLE HENRY J. BOROFF:

CIT Small Business Lending Corporation f/k/a Newcourt Small Business Lending

Corporation f/k/a AT&T Small Business Lending Corporation ("CIT") your moving

party in the within Motion, respectfully represents as follows:

1.  On November 26, 1997, AT&T Small Business Lending Corporation ("AT&T

SBLC") loaned the principal sum of Three Hundred Fifty Thousand Dollars

($350,000.00) to DiMaio Family Pizza & Luncheonette, Inc. (the "Debtor"), Salvatore

DiMaio and Anthony A. DiMaio.

2.  On November 26, 1997, the Debtor, along with Salvatore DiMaio and

Anthony A. DiMaio executed and delivered a promissory note ("Note") to AT&T SBLC

in the principal amount of $350,000.00 with a variable rate of interest.

3.  A true and accurate copy of the Note is annexed hereto as Exhibit A and

incorporated herein by reference.

4.  The Note is secured by a security agreement (the "Security Agreement")

executed by the Debtor granting a security interest in the Debtor's equipment, fixtures,

inventory and other personalty (the "Personal Property") and the proceeds from the Personal Property.

5.   A true and accurate copy of the Security Agreement is annexed hereto as Exhibit B and incorporated herein by reference.

6.   A true and accurate copy of the financing statement filed with the Secretary of the Commonwealth perfecting CIT's security interest under the Security Agreement is attached hereto as Exhibit C and incorporated herein by reference.

7.   The Note is also secured by a mortgage (the "Mortgage") executed by Salvatore DiMaio and Anthony A. DiMaio encumbering real property located at 268 State Road, Whately, MA (the "Property").

8.   CIT is the current holder of the Note, Mortgage and Security Agreement.

9.   On February 25, 2000, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code") with the Bankruptcy Court for the District of Massachusetts.

10. The petition incorrectly identified the legal name of the Debtor as Villa Dimaio Family Pizza, Inc.

11. The accurate legal name of the Debtor is DiMaio Family Pizza & Luncheonette, Inc., as evidenced by the records maintained by the Secretary of the Commonwealth of Massachusetts.

12. As of February 28, 2000, the total amount due and owing under the Note was $357,999.22.

13. On or about December 18, 2000, the building on the Property (the "Building") and the Personal Property located therein were destroyed by fire.

14. At the time of the fire, the Building and the Personal Property were insured under a policy with Travelers Insurance Company ("Travelers").

15. On March 21, 2001, the Debtor's Chapter 11 case was converted to one under Chapter 7 of the Code and David Ostrander, Esq. was appointed as the Chapter 7 Trustee (the "Trustee").

16. On December 27, 2001, Anthony DiMaio filed a voluntary petition under Chapter 7 of the Code in the District of Massachusetts, case number 01-47718. Joseph Collins, Esq. was appointed as trustee in Mr. DiMaio's Chapter 7 case.

17. On or about April 5, 2002, Travelers informed the Trustee that it had established a value of $80,500.00 for the Personal Property and a value for the Building of $275,000 as evidenced by the correspondence from Travelers annexed hereto as Exhibit D

18. As of February 20, 2003, the total amount due and owing under the Note exclusive of attorney's fees, costs and expenses was $448,622.81.

19. The monies due from Travelers on account of the Personal Property constitute proceeds (the "Proceeds") within the meaning of the Uniform Commercial Code and CIT holds a perfected security interest in the Proceeds.

20. Based upon the appraisal completed by Travelers there is no equity in the Proceeds.

21. For purposes of determining equity in the Proceeds, CIT is not required to marshal assets and therefore, only the value of the Proceeds is relevant to the Court's determination under 11 U.S.C. §554(b) In the Matter of Beacon Distributors, Inc., 441 F.2d 547 (1st. Cir. 1971), Nations Bank of Virginia v. DCI Publishing of Alexandria,

Inc., 160 B.R. 536 (E.D.VA. 1993), In re New Era Company, 125 B.R. 725 (S.D.N.Y. 1991).

22. CIT presently lacks adequate protection due to the lack of equity in the Proceeds and the Trustee's failure to make post-petition payments or to otherwise offer adequate protection.

WHEREFORE, CIT requests that the Court:

1. Enter an Order compelling the Trustee to abandon the estate's interest in the Proceeds; or, alternatively,

2. That the Court enter an Order requiring the Trustee to provide adequate protection to CIT; and

3. That the Court order such other and further relief as may be just and proper.

CIT SMALL BUSINESS LENDING
CORPORATION F/K/ANEWCOURT
SMALL BUSINESS LENDING
CORPORATION F/K/A AT&T SMALL
BUSINESS LENDING CORPORATION

By its attorneys,

Thomas E. Carlotto, BBO #640277
86 Weybosset Street
Providence, RI 02903
(401) 272-1400 phone
(401) 272-1403 fax

Dated:  February 26, 2003

## CERTIFICATION OF SERVICE

The undersigned does hereby certify that he/she served the within Motion to Compel Abandonment or in the Alternative for Order Requiring Adequate Protection on this the 3rd day of March, 2003, by causing true and correct copies of the same to be sent via regular, U.S. first-class, postage pre-paid mail to the following:

David W. Ostrander, Esq., Trustee
P.O. Box 1237
Northampton, MA  01061-1237

Peter M. Stern, Esq.
95 State Street, Suite 715
Springfield, MA  01103
Debtor's Counsel

Office of the U.S. Trustee
600 Main Street
Worcester, MA 01608

Aldo, Inc.
82 Commercial Street
PO Box 151
Adams, MA 01220

Bell Atlantic Yellow Page
195 Market Street
Lynn, MA 01901

Berkshire Gas
PO Box 9166
Chelsea, MA 02150-9166

City Fish Market
884 Silas Deane Highway
Wehtersfield, CT 06109-3492

Cordi Food Distributing
470 Shoemaker Lane
Agawam,MA 01001

Fosters Market
70 Allen Street
Greenfield MA 01301

Greg's Wastewater Removal
239A Greenfield Road
PO Box 197
So. Deerfield, MA 01373

Horizon Beverage
Coastal Beverage Co.
84 Westover Road
PO Box 509
Ludlow, MA 01056

Internal Revenue Service
Special Procedures
PO Box 9112
JFK Federal Building
Boston, MA 02203

Mansfield Paper Co. Inc.
PO Box 1070
Union Street
West Springfield, MA 01090-1070

Mass. Dept. Revenue
Bankruptcy Unit
Litigation Bureau
PO Box 9484
Boston, MA 02205-9484

Northeast Utilities
PO Box 2959
Hartford, CT 06104-2959

ORIX Credit Alliance
1625 Northwest Amberglen
Suite 100
Beaverton, OR 97006

Thurston Food
30 Thurston Drive
PO Box 744
Wallingford, CT 06492

Town of Whately
Collector of Taxes
PO Box 265
Whately, MA 01093

US Food Service
PO Box 7780-4112
Philadelphia, PA 19182-4112

United Liquor Limited
1040 Sheridan Street
Chicopee, MA 01021

WGGB TV
1300 Liberty Street
PO Box 40
Springfield, MA 01102-0040

Waste Management
600 New Ludlow Road
South Hadley, MA 01075

# TAB 5

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order of Court

Hearing Date: 4/2/2003
Case Number: 99-40924          Ch: 7

In Re: VILLA DIMAIO FAMILY PIZZA, INC.

MOVANT/APPLICANT/PARTIES:
#70 MOTION of CIT Group to Compel Abandonment or alternatively, for adequate protection

Thomas E. Carlotto, Esq.

APPEARANCES:
For Debtor(s) _____   For Movant(s) _Patricia Davis_
For Trustee _____     For Respondent(s) _____
For Plaintiff(s) _____ For Defendant(s) _____

OUTCOME:
____ Granted-Denied-Approved-Denied Without Prejudice-Withdrawn in Open Court
____ Continued to _____
____ Order/Stipulation to be Submitted By: _____
____ Separate Order/Judgement Entered and Incorporated by Reference.
____ Findings and Conclusions Dictated at Close of Hearing Incorporated By Reference.
____ Taken Under Advisement:   Brief(s) Due _____ From _____
____ Fees Allowed in the Amount of: _____ To: _____
____ Expenses Allowed in the Amount of: _____ To: _____

____ DECISION SET OUT MORE FULLY BY THE COURT AS FOLLOWS:

_Granted_

IT IS SO NOTED:

_Stephen Reynolds_
Courtroom Deputy

IT IS SO ORDERED:

_Henry J. Boroff_
United States Bankruptcy Judge

Dated: _1/2/03_

ENTERED ON DOCKET
4/4/03

# TAB 6

**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:   Villa Dimaio Family Pizza, Inc.<br>Debtor, | Chapter: 7<br>Case No: 00−40924<br>Judge Henry J. Boroff |

**ORDER DISCHARGING TRUSTEE
AND CLOSING CASE**

It is hererby **ORDERED** that David W. Ostrander , the Trustee is discharged from any further duties herein and that this case is hereby closed pursuant to 11 U.S.C. § 350(a).

Date:3/16/04

By the Court,

Henry J. Boroff
U.S. Bankruptcy Judge

# TAB 7

FILE COPY

UNITED STATES BANKRUPTCY COURT
District of Massachusetts

|  | Chapter: 7 |
|---|---|
|  | Case No.: 01 - 47718 |
| Debtor(s):  Anthony A. DiMaio | Judge:   Henry J. Boroff |

### CERTIFICATE OF APPOINTMENT OF INTERIM TRUSTEE AND
### APPROVAL OF STANDING BOND

   Pursuant to 11 U.S.C. Sec 701(a)(1) Joseph B. Collins , Hendel & Collins, P.C.  101 State Street Springfield, MA 01103-2006, is hereby appointed as Interim Trustee in the above-referenced proceeding and is designated to preside at the meeting of creditors.  The Trustee's bond is fixed under the general blanket bond heretofore approved. The Trustee shall notify the United States Trustee immediately in the event that the liquid assets exceed $1,000,000.

   Pursuant to FRBP 2008 the Trustee will be deemed to have accepted this appointment unless it is rejected within five (5) days of receipt of this notice.  Unless another trustee is elected the Interim Trustee appointed herein shall serve as Trustee without further appointment as provided by 11 U.S.C. Sec. 702(d).

Dated: 1/ 9/02.

J. Christopher Marshall
United States Trustee

Original filed with Bankruptcy Court
Copy to trustee

------------------------------------------------------------------------------------------------------------

### REJECTION

I, Joseph B. Collins , hereby REJECT appointment as Trustee.
Dated: This      day of          , 20  .

Joseph B. Collins

Original filed with Bankruptcy Court
Copy to United States Trustee

7-1

# TAB 8

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | ) Chapter 7, No. 01-47718-HJB |
| | ) |
| ANTHONY A. DIMAIO | ) |
| | ) |
| | ) |
| Debtor | ) |
| | ) |

## APPLICATION FOR ORDER AUTHORIZING TRUSTEE
## TO EMPLOY COUNSEL TO THE TRUSTEE

To the HONORABLE HENRY J. BOROFF, Bankruptcy Judge:

Now comes JOSEPH B. COLLINS, the duly appointed, qualified
and acting Trustee in the above-captioned proceedings, and moves
this Honorable Court for an Order pursuant to §327(d) of the
U.S. Bankruptcy Code ("Code") authorizing him to employ the law
firm of Hendel & Collins, P.C. as Counsel to the Trustee.  In
support of said Application, the Trustee respectfully
represents:

1.  That on December 27, 2001, the above-named Debtor filed
a Voluntary Petition under the provisions of Chapter 7 of the
Code.

2.  That on January 9, 2002, JOSEPH B. COLLINS accepted the
appointment as Trustee for the above-entitled estate.

3.  That, as a result of information procured by the
Trustee since his appointment, your Applicant believes that the
appointment of counsel is necessary to effectuate the lawful
rights and remedies available to the Trustee under the ENTERED ON DOCKET

3 / 13 / 02

//

provisions of Title 11 and to fully and properly discharge his
fiduciary duties.

4.    That the services of counsel are required for, but not
limited to, the following purposes:

(a)    to review and evaluate certain assets of the Debtor;

(b)    to pursue all lawful claims of the estate;

(c)    to liquidate assets of the estate;

(d)    to employ and supervise professionals employed by the
       estate; and

(e)    to maximize the recovery for creditors of the estate.

5.    In order to avoid duplication of effort and to maximize
the recovery for the benefit of the estate and the unsecured
creditors, your Applicant believes it will be in the best
interests of the estate to employ counsel to the Trustee.

6.    Your Applicant avers that the law firm of HENDEL &
COLLINS, P.C. is proficient in the knowledge and practice of
bankruptcy law and has the experience required to adequately
represent the Trustee in this case.

7.    On information and belief, no member or associate of
the law firm of HENDEL & COLLINS, P.C. has any other connection
with the Debtor, his creditors or any other party in interest.

WHEREFORE, your Applicant prays for the allowance of this
Application and for an Order pursuant to §327(d) of the Code
authorizing him to employ the law firm of HENDEL & COLLINS, P.C.

as Counsel to the Trustee in this case effective March 11, 2002.

JOSEPH B. COLLINS, TRUSTEE

Dated:   March 11, 2002

By: _____
      JOSEPH B. COLLINS, ESQ.
      (BBO No. 092660)
      For HENDEL & COLLINS, P.C.
      101 State Street
      Springfield, MA  01103
      Tel. (413) 734-6411

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In re                         )    Chapter 7, No. 01-47718-HJB
                              )
ANTHONY A. DIMAIO            )
                              )
                              )
                    Debtor    )

## SIGNED STATEMENT OF PROFESSIONAL PERSON

1.  I hereby represent that I do not hold or represent any interest adverse to the estate of the above-noted Debtor (11 U.S.C. Section 327).  I further represent that no member of my firm holds or represents any interest adverse to the estate.

2.  My, and my firm's connections with the Debtor, creditors, or other parties in interest, his respective attorneys and accountants (Federal Rule of Bankruptcy Procedure 2014(a)) are as follows:  This firm was consulted by Joseph B. Collins, Esq. to be counsel to him as Trustee with regard to the evaluation of certain assets of the estate.

3.  I hereby represent that I am and each member of my firm is a "disinterested person" (11 U.S.C. Section 327) as that term is defined in 11 U.S.C. Section 101(14).

4.  I hereby represent that neither I nor any member of my firm is disqualified by reason of being a relative of a Judge of the United States Bankruptcy Court for the District of Massachusetts, nor am I or any member of my firm disqualified by reason of being a relative of the United States Trustee for the Districts of Maine, Massachusetts, New Hampshire and Rhode Island (Federal Rule of Bankruptcy Procedure 5002).

5.  I hereby represent that I have agreed not to share with any person the compensation to be paid for the services rendered in this case.

6.  I have received no retainer in this case.

7.  I shall amend this statement immediately upon any learning that:  (a) any of the within representations are incorrect; or (b) there is any change of circumstances relating thereto.

8.  I have reviewed the provisions of MBLR 2016-1.

I HEREBY AFFIRM THAT EACH OF THE ABOVE STATEMENTS IS TRUE.

Dated:  March 11, 2002

By: _____
    JOSEPH B. COLLINS, ESQ.
    (BBO No. 092660)
    For HENDEL & COLLINS, P.C.
    101 State Street
    Springfield, MA  01103
    Tel. (413) 734-6411

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re | ) | Chapter 7, No. 01-47718-HJB |
| | ) | |
| ANTHONY A. DIMAIO | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I, JOSEPH B. COLLINS, ESQ. of the law firm of HENDEL &
COLLINS, P.C., 101 State Street, Springfield, Massachusetts, do
hereby certify that I have served a copy of the within
Application upon the below-listed parties by mailing, first
class, postage prepaid, on this 11th day of March, 2002:

Richard T. King, Esq.            PETER M. STERN, ESQ.
OFFICE OF THE U.S. TRUSTEE       95 State Street, Suite 715
Franklin Street Tower            Springfield, MA 01103
600 Main Street, Suite 200
Worcester, MA 01608

_____
JOSEPH B. COLLINS, ESQ.

# TAB 9

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re | ) | Chapter 7, No. 01-47718-HJB |
| | ) | |
| ANTHONY A. DIMAIO | ) | |
| | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## ORDER AUTHORIZING TRUSTEE TO EMPLOY
## COUNSEL TO THE TRUSTEE

At Worcester, in said District, on this 28th day of March, 2002.

Upon the Application of JOSEPH B. COLLINS, Trustee in the above-captioned case, seeking to employ the law firm of Hendel & Collins, P.C. to act as Counsel to the Trustee pursuant to 11 U.S.C. §327(d), for cause shown, proper notice having been given and no objections being filed, it is hereby

ORDERED that JOSEPH B. COLLINS, Trustee, is hereby authorized to employ the law firm of Hendel & Collins, P.C. as Counsel to the Trustee in the above-captioned case effective as of March 11, 2002, with all fees and expenses subject to further Order of this Court.

_____
HONORABLE HENRY J. BOROFF
Bankruptcy Judge
Donohue Federal Building
595 Main Street
Worcester, MA  01608-2076

3.29.02

13

# TAB 10

FILING FEE PAID

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| ANTHONY DIMAIO | )    CHAPTER 7 |
| Debtor | )    BK. NO: 01-47718-HJB |
| | ) |

## ASSENTED MOTION TO COMPEL ABANDONMENT

TO THE HONORABLE HENRY J. BOROFF:

CIT Small Business Lending Corporation f/k/a Newcourt Small Business Lending Corporation f/k/a AT&T Small Business Lending Corporation ("CIT") your moving party in the within Motion, respectfully represents as follows:

1.  On November 26, 1997, AT&T Small Business Lending Corporation ("AT&T SBLC") loaned the principal sum of Three Hundred Fifty Thousand Dollars ($350,000.00) to Anthony A. DiMaio (the "Debtor"), DiMaio Family Pizza & Luncheonette, Inc. (the "Corporation"), and Salvatore DiMaio.

2.  On November 26, 1997, the Debtor, along with Salvatore DiMaio and DiMaio Family Pizza and Luncheonette, Inc., executed and delivered a promissory note ("Note") to AT&T SBLC in the principal amount of $350,000.00 with a variable rate of interest.

3.  A true and accurate copy of the Note is annexed hereto as Exhibit A and incorporated herein by reference.

4.  The Note is secured by a mortgage (the "Mortgage") executed by Salvatore DiMaio and Anthony A. DiMaio encumbering real property located at 268 State Road, Whately, MA (the "Property").

5.   A true and accurate copy of the Mortgage is annexed hereto as <u>Exhibit B</u> and incorporated herein by reference.

6.   The Note is also secured by a security agreement (the "Security Agreement") executed by DiMaio Family Pizza & Luncheonette, Inc., granting a security interest in the Debtor's equipment, fixtures, inventory and other personalty.

7.   CIT is the current holder of the Note, Mortgage and Security Agreement.

8.   On February 27, 2000, the Corporation filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code") with the Bankruptcy Court for the District of Massachusetts (the "Court").

9.   As of February 28, 2000, the total amount due and owing under the Note was $357,999.22.

10. On or about December 18, 2000, the building on the Property (the "Building",) and the contents located therein were destroyed by fire.

11. On March 21, 2001, the Corporation's Chapter 11 case was converted to one under Chapter 7 of the Code and David Ostrander, Esq. was appointed as the Chapter 7 Trustee.

12. At the time of the fire, the Building and its contents were insured under a policy with Travelers Insurance Company ("Travelers").

13. On December 27, 2001, Anthony DiMaio filed a voluntary petition under Chapter 7 of the Code instituting this case.  Joseph Collins, Esq. was appointed as trustee in Mr. DiMaio's Chapter 7 case (the "Trustee").

14. On or about April 5, 2002, Travelers informed the Trustee that it had established a value of for the Building of $275,000, a value for the Property of

$50,000.00 and a value of $80,500.00 for the contents of the Building as evidenced by the correspondence from Travelers annexed hereto as Exhibit C.

15. As of February 20, 2003, the total amount due and owing under the Note exclusive of attorney's fees, costs and expenses was $448,622.81.

16. Based upon the appraisal completed by Travelers there is no equity in the Property and no equity in the insurance proceeds (the "Proceeds") payable on account of the destruction of the Building.

17. In the Corporation's bankruptcy case, the Court has Ordered the abandonment of that estate's interest in the insurance proceeds payable on account of the personal property destroyed by the fire.

18. The Trustee has assented to CIT's request for abandonment herein.

WHEREFORE, CIT requests that the Court:

1. Enter an Order compelling the Trustee to abandon the estate's interest in the Property and the Proceeds; and

3. That the Court order such other and further relief as may be just and proper.

CIT SMALL BUSINESS LENDING
CORPORATION F/K/A NEWCOURT
SMALL BUSINESS LENDING
CORPORATION F/K/A AT&T SMALL
BUSINESS LENDING CORPORATION

By its attorneys,

Thomas E. Carlotto, BBO #640277
86 Weybosset Street
Providence, RI 02903
(401) 272-1400 phone
(401) 272-1403 fax


ASSENTED TO:


Joseph Collins (with permission –
Joseph Collins, in his capacity as    see attached)
Chapter 7 Trustee


Dated: June 11, 2003

05/11/2003  09:02   413/348069          HENDEL COLLINS PC          PAGE  06/06

05/20/2003 14:14 FAX 401 272 1403        SHS LLP

CIT SMALL BUSINESS LENDING
CORPORATION F/K/A NEWCOURT
SMALL BUSINESS LENDING
CORPORATION F/K/A AT&T SMALL
BUSINESS LENDING CORPORATION

By its attorneys,

Thomas E. Carlotto, BBO #640277
86 Weybosset Street
Providence, RI 02903
(401) 272-1400 phone
(401) 272-1403 fax

ASSENTED TO:

Joseph Collins, in his capacity as
Chapter 7 Trustee

Dated:  May 20, 2003

## CERTIFICATION OF SERVICE

The undersigned does hereby certify that he/she served the within Assented Motion to Compel Abandonment on this the 12th day of June, 2003, by causing true and correct copies of the same to be sent via regular, U.S. first-class, postage pre-paid mail to the following:

Office of the U.S. Trustee
600 Main Street
Worcester, MA  01608

Joseph B. Collins, Esq.
Chapter 7 Trustee
Hendel & Collins, P.C.
101 State Street, 5th Floor
Springfield, MA  01103

Peter M. Stern, Esq.
95 State Street
Suite 715
Springfield, MA  01103
Debtor's Counsel

Robin Jean Carney

# TAB 11

FILING FEE PAID

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

In re:                )
                      )
ANTHONY DIMAIO      )    CHAPTER 7
Debtor               )    BK. NO: 01-47718-HJB
                      )

## ASSENTED MOTION TO COMPEL ABANDONMENT

TO THE HONORABLE HENRY J. BOROFF:

CIT Small Business Lending Corporation f/k/a Newcourt Small Business Lending Corporation f/k/a AT&T Small Business Lending Corporation ("CIT") your moving party in the within Motion, respectfully represents as follows:

1. On November 26, 1997, AT&T Small Business Lending Corporation ("AT&T SBLC") loaned the principal sum of Three Hundred Fifty Thousand Dollars ($350,000.00) to Anthony A. DiMaio (the "Debtor"), DiMaio Family Pizza & Luncheonette, Inc. (the "Corporation"), and Salvatore DiMaio.

2. On November 26, 1997, the Debtor, along with Salvatore DiMaio and DiMaio Family Pizza and Luncheonette, Inc., executed and delivered a promissory note ("Note") to AT&T SBLC in the principal amount of $350,000.00 with a variable rate of interest.

3. A true and accurate copy of the Note is annexed hereto as Exhibit A and incorporated herein by reference.

4. The Note is secured by a mortgage (the "Mortgage") executed by Salvatore DiMaio and Anthony A. DiMaio encumbering real property located at 268 State Road, Whately, MA (the "Property").

# TAB 12

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

In Re:   Anthony A. DiMaio
    Debtor,

Chapter: 7
Case No: 01−47718
Judge Henry J. Boroff

### ORDER DISCHARGING TRUSTEE
### AND CLOSING CASE

It is hererby **ORDERED** that Joseph B. Collins , the Trustee is discharged from any further duties herein and that this case is hereby closed pursuant to 11 U.S.C. § 350(a).

Date:3/30/04

By the Court,

Henry J. Boroff
U.S. Bankruptcy Judge