## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DIMAIO FAMILY PIZZA & LUNCHEONETTE, INC. and ANTHONY A. DIMAIO,**<br><br>   **Plaintiffs,**<br><br>**v.**<br><br>**THE CHARTER OAK FIRE INSURANCE COMPANY,**<br><br>   **Defendant.** | )<br>)<br>)<br>)<br>)<br>)  **Civil Action No. 04-30046-KPN**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF DAVID REED

I, David Reed, being over the age of 18 and duly sworn, do depose and say as follows:

1.  I am a General Adjuster for claims presented under policies issued by The Charter Oak Fire Insurance Company ("Charter Oak"). Charter Oak is one of the underwriting companies operating under the logo of Travelers Property Casualty. I have been adjusting property insurance claims for over ten (10) years.

2.  This affidavit is based on my personal knowledge and the business records of Charter Oak.

3.  Charter Oak issued policy number I-660-575X1693-COF-00 ("the Policy"), effective February 18, 2000 to February 18, 2001, to the Villa Dimaio Restaurant. The Policy provides, subject to its terms, certain property insurance coverage for loss or damage caused by fire. The two plaintiffs in this case claim rights under the Policy even though their names do not appear on the Policy.

4.  In pertinent part, the Policy provides:

Standard Fire Policy Provisions

**Suit.** No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred: provided, however, that if, within said two years, in accordance with the provisions of the preceding paragraph, the amount of the loss shall have been referred to arbitration after failure of the parties to agree thereon, the limitation of time for bringing suit shall in no event be less than ninety days after a valid award has been made upon such reference or after such reference or award has been expressly waived by the parties. If suit or action upon this policy is enjoined or abated, suit or action may be commenced at any time within one year after the dissolution of such injunction, or the abatement of such suit or action, to the same extent as would be possible if there was no limitation of time provided herein for the bringing of such suit or action.

I attach at **Tab 1** a true and correct copy of the Massachusetts Changes endorsement (CP T3 11 07 86) which was endorsed to and was a valid part of the Policy, and which contains the suit limitation provision.

5.      The plaintiffs operated a restaurant business at 268 State Road, Whately, Massachusetts.

6.      On or about December 18, 2000, the restaurant sustained damage from a fire. On or about December 20, 2000, the plaintiffs presented a notice of loss under the Policy seeking the payment of insurance proceeds for the loss caused by the fire. I was the person assigned to handle the plaintiffs' claim on behalf of Charter Oak, and in fact, I worked with the plaintiffs and their representatives throughout the claim process.

7.      In response to the claim presented, I wrote to Anthony Dimaio and advised that the claim was being investigated and that all rights and defenses under the Policy were being reserved. I attach a true and correct copy of my December 21, 2000 letter to Mr. Dimaio at **Tab 2** hereto.

8.    Anthony Dimaio retained Fredi Ann Goldman, Esq. as legal counsel in connection with the insurance claim on or about April 27, 2001. I attach a true and correct copy of my Attorney Goldman's April 27, 2001 letter of representation at **Tab 3** hereto.

9.    On December 18, 2001, Anthony A. Dimaio filed a bankruptcy petition.

10.    Attorney Peter M. Stern of Springfield, Massachusetts was counsel to Mr. Dimaio in the bankruptcy proceeding.

11.    On March 12, 2002, Joseph B. Collins, Esq., the bankruptcy trustee for Anthony Dimaio's bankruptcy, sent a letter to Travelers Property Casualty. I attach a true and correct copy of the March 12, 2002 letter at **Tab 4** hereto. Attorney Collins wrote that "the purpose of this letter is to inform you that the insurance policy and any claim against it are now property of Mr. Dimaio's bankruptcy estate."

12.    Prior to the fire, Villa Dimaio Family Pizza, Inc. had filed a petition for bankruptcy.

13.    Villa Dimaio Family Pizza, Inc. was represented by Attorney Peter M. Stern of Springfield, Massachusetts as counsel in the bankruptcy proceeding.

14.    In March 2001, David W. Ostrander, Esq. was appointed the bankruptcy trustee for the Villa Dimaio Family Pizza, Inc. bankruptcy.

15.    At the request of the two bankruptcy trustees, on December 16, 2002, Charter Oak extended the suit limitation in the Policy to allow the bankruptcy estates of the plaintiffs until February 17, 2003 to commence an action for recovery under the Policy. Had the suit limitation not been so extended, the time to commence such an action would have expired on December 18, 2002, the second anniversary of the fire.

16.    Again at the request of the bankruptcy trustees, Travelers lengthened the

extension of time for the bankruptcy estates to commence an action for recovery under the Policy

until April 11, 2003.

17.    The plaintiffs never requested or received, in their own capacities, any extension

of the suit limitation for commencing action for recovery under the Policy.

18.    Neither the plaintiffs nor the bankruptcy trustees ever sought or received

any further extension of the suit limitation under the Policy.

19.    Neither the plaintiffs nor anyone on their behalves filed an action for

recovery under the Policy until February 12, 2004, a date which is over ten months after

the extension of the suit limitation had expired on April 11, 2003.

David Reed
General Adjuster
The Charter Oak Fire Insurance Co.

Subscribed and sworn to before me
This 30th day of June, 2004.

Notary Public/Commissioner
of the Superior Court
My Commission Expires:

**LISA A. COUGHLIN**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES 06/30/2007

4

# TAB 1

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# MASSACHUSETTS CHANGES

This endorsement modifies insurance provided under the following:

    COMMERCIAL PROPERTY COVERAGE PART

**A.** If loss or damage is caused by fire or lightning, the LIMITATION which applies to vacancy is modified as follows:

If the building where loss or damage occurs, whether intended for occupancy by owner or tenant, has been vacant or unoccupied for more than:

    **1.** 60 consecutive days for residential premises of 3 units or less; or

    **2.** 30 consecutive days for all other premises;

immediately before that loss or damage, we will not pay for the loss or damage.

**B.** The MORTGAGE HOLDERS Additional Condition is replaced by the following:

We will pay for covered loss of or damage to real estate to each mortgage holder shown in the Declarations in the order of precedence, as interests may appear.

**C.** Paragraph 3.d. of the REPLACEMENT COST Optional Coverage is replaced by the following:

    **d.** We will not pay on a replacement cost basis for any loss or damage:

        **(1)** Until the lost or damaged property is actually repaired or replaced:

            **(a)** On the described premises; or

            **(b)** At some other location in the Commonwealth of Massachusetts; and

        **(2)** Unless the repair or replacement are made within a reasonable time, but no more than 2 years after the loss or damage.

**D.** The following provisions are added:

    **1.** In spite of any provision of any general or special law:

        **a.** We will not pay for loss or damage to real property caused by any Covered Cause of Loss if the amount of loss is $5,000 or more unless you first submit to us a certificate of municipal liens from the collector of taxes of the city or town where the property is located.

        **b.** We will pay to the city or town any amount outstanding on the certificate of municipal liens arising from the provisions of Massachusetts General Law Chapters 40, 59, 60, 80, 83, and 164, Sections 58B through 58F.

The payment will not exceed the amount of loss payable under this Coverage Part.

We will send you and the mortgage holder proof of our payment to the city or town.

        **c.** The claim of the city or town will have priority over the claim of any mortgage holder, assignee, you or any other interested party, except where otherwise provided by the laws of the United States.

        **d.** We will not be liable to any city, town, mortgage holder, assignee, you or any other interested party for:

            **(1)** Amounts paid to a city or town; or

            **(2)** Amounts not paid to a city or town;

based upon a certificate showing that no municipal liens exist.

        **e.** Paragraphs 1.a., 1.b., 1.c., and 1.d. above will not apply to any owner-occupied one-to four-family dwelling if the owner of the dwelling lived there when the claim for loss or damage arose.

    **2. a.** We will not pay any claim for:

        **(1)** Loss, damage or destruction of $1,000 or more to a building or structure; or

        **(2)** Loss, damage or destruction, of any amount, that causes a building or structure to become:

            **(a)** Dangerous to life or limb; or

            **(b)** Unused, uninhabited or abandoned and open to the weather;

as provided under Massachusetts General Law, Section 6 of Chapter 143;

without giving at least 10 days' written notice before such payment to:

            **(a)** The Building Commissioner or the appointed Inspector of Buildings; and

COF-01378

COMMERCIAL PROPERTY

(b) The Board of Health or the Board of Selectmen of the city or town where the property is located.

b. If at any time before our payment, the city or town notifies us by certified mail of its intent to begin proceedings designed to perfect a lien under Massachusetts General Law:

(1) Chapter 143, Section 3A or 9; or

(2) Chapter 111, Section 127B;

we will not pay while the proceedings are pending. The proceedings must be started within 30 days after we receive the notice.

Any lien perfected under the Massachusetts General Laws referred to in b.(1) and b.(2) above will extend to the city or town and may be enforced by it against the proceeds of this policy.

c. We will not be liable to any city, town, mortgage holder, assignee, you or any other interested party for:

(1) Amounts paid to a city or town; or

(2) Amounts not paid to a city or town;

under provisions 2.a. and 2.b. above.

E. The following is added:

## STANDARD FIRE POLICY PROVISIONS

Your policy contains LEGAL ACTION AGAINST US, APPRAISAL, and CANCELLATION provisions. Massachusetts law requires that the Suit, Appraisal and Cancellation provisions of the Massachusetts Standard Fire Policy supersede any similar provisions contained in your policy. Therefore, all LEGAL ACTION AGAINST US, APPRAISAL and CANCELLATION provisions contained in your policy are void. The Suit, Appraisal and Cancellation provisions of the Massachusetts Standard Fire Policy shall apply instead.

In consideration of the Provisions and Stipulations herein or Added Hereto, and of the Premium Specified in the Declarations, this company, for the term of years specified in the Declarations from inception date (At 12:01 A.M Standard Time) to expiration date (At 12:01 A.M. Standard Time) at location of property involved, for an amount not exceeding the amount(s) specified in the Declarations, does insure the Insured named in the Declarations and legal representatives, to the extent of the actual cash value of the property at the time of loss, but in no event for more than the interest of the insured against all LOSS BY FIRE, LIGHTNING, AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, to the property described in the Declarations while located or contained as described in this policy or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere.

Assignment of this policy shall not be valid except with the written consent of this Company.

This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with such other provisions, stipulations and agreements as may be added hereto, as provided in this policy.

**Concealment, Fraud.** This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

**Uninsurable and excepted property.** This policy shall not cover accounts, bills, deeds, evidences of debt, money or securities; nor, unless specifically named hereon in writing, bullion or manuscripts.

**Perils not included.** This Company shall not be liable for loss by fire or other perils insured against in this policy caused, directly or indirectly, by: (a) enemy attack by armed forces, including action taken by military, naval or air forces in resisting an actual or an immediately impending enemy attack; (b) invasion; (c) insurrection; (d) rebellion; (e) revolution; (f) civil war; (g) usurped power; (h) order of any civil authority except acts of destruction at the time of and for the purpose of preventing the spread of fire, provided that such fire did not originate from any of the perils excluded by this policy; (i) neglect of the insured to use all reasonable means to save and preserve the property at and after a loss, or when the property is endangered by fire in the neighboring premises; (j) nor shall this company be liable for loss by theft.

**Other insurance.** Other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto.

COF-01379

Copyright, ISO Commercial Risk Services, Inc. **CP T3 11 07 86**

**Conditions suspending restricting insurance.** Unless otherwise Provided in writing or added hereto this company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; or (b) while the described premises, whether intended for occupancy by owner or tenant, are vacant or unoccupied beyond a period of sixty consecutive days, for residential premises of three units or less and thirty (30) consecutive days for all other premises, or (c) as a result of explosion or riot, unless fire ensue, and in that event for loss by fire only.

**Other perils or subjects.** Any other peril to be insured against or subject of insurance to be covered in this policy shall be by endorsement in writing hereon or added hereto.

**Added provisions.** The extent of the application of insurance under this policy and of the contribution to be made by this Company in case of loss, and any other provision or agreement not inconsistent with the provisions of this policy, may be provided for in writing added hereto, but no provision may be waived except such as by the terms of this policy is subject to change.

**Waiver provisions.** No permission affecting this insurance shall exist, or waiver of any provision be valid unless granted herein or expressed in writing hereto. No provision, stipulation or forfeiture shall be held to be waived by any requirement or proceeding on the part of this company relating to appraisal or to any examination provided for herein.

**Cancellation of policy.** This policy shall be cancelled at any time at the request of the insured, in which case this Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be cancelled at any time by this company by giving to the insured a five days' written notice of cancellation, and to the mortgagee to whom this policy is payable twenty days' written notice of cancellation except where the stated reason for cancellation is nonpayment of premium where, in such instance, this policy may be cancelled at any time by this company by giving to the insured a ten days' written notice of cancellation, and the mortgagee a twenty days' written notice of cancellation, with or without tender of the excess paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand and shall

state or be accompanied by a statement of the specific reason or reasons for such cancellation. After this policy has been in effect for sixty days, or after sixty days from any anniversary date, no notice of cancellation shall be effective unless it is based on the occurrence, after the effective date of the policy, of one or more of the following: (1) nonpayment of premium; (2) conviction of a crime arising out of acts increasing the hazard insured against; (3) discovery of fraud or material misrepresentation by the insured in obtaining the policy; (4) discovery of willful or reckless acts or omissions by the insured increasing the hazard insured against; (5) physical changes in the property insured which result in the property becoming uninsurable; or (6) a determination by the commissioner that continuation of the policy would violate or place the insurer in violation of the law. Where the stated reason is nonpayment of premium, the insured may continue the coverage and avoid the effect of the cancellation by payment at any time prior to the effective date of cancellation.

**Mortgagee interests and obligations.** Notwithstanding any other provisions of this policy, if this policy shall be made payable to a mortgagee of the covered real estate, no act or default of any person other than such mortgagee or his agent or those claiming under him, whether the same occurs before or during the term of this policy, shall render this policy void as to such mortgagee nor affect such mortgagee's right to recover in case of loss on such real estate; provided, that the mortgagee shall on demand pay according to the established scale of rate for any increase of risk not paid for by the insured; and whenever this company shall be liable to a mortgagee for any sum for loss under this policy for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the company interested, upon such payment, the said mortgage together with the note and debt thereby secured.

**Pro rata liability.** This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved.

**Requirements in case loss occurs.** The insured shall give immediate written notice to this company of any loss, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, furnish a

COF-01380

COMMERCIAL PROPERTY

complete inventory of the destroyed and damaged property, showing in detail the quantity, description, actual cash value and amount of loss claimed; and the insured shall forthwith render to this company a signed, sworn statement in proof of loss which sets forth to the best knowledge and belief of the insured the following: the time and cause of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupancy, location, possession or exposures of said property, since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of loss and whether or not it then stood on leased ground, and shall furnish a copy of all the descriptions and schedules in all policies and detailed estimates for repair of the damage. The insured, as often as may be reasonably required, shall exhibit to any person designated by this company all that remains of any property herein described, and submit to examinations under oath by any person named by this company, and subscribe the same: and as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this company or its representative, and shall permit extracts and copies thereof to be made.

**When loss is payable.** In case of any loss or damage, the company within thirty days after the insured shall have submitted a statement, as provided in the preceding clause, shall either pay the amount for which it shall be liable, which amount if not agreed upon shall be ascertained by award of referees as hereinafter provided, or replace the property with other of the same kind and goodness, or it may, within fifteen days after such statement is submitted, notify the insured of its intention to rebuild or repair the premises, or any portion thereof separately covered by this policy, and shall thereupon enter upon said premises and proceed to rebuild or repair the same with reasonable expedition. It is moreover understood that there can be no abandonment of the property described to the company, and that the company shall not in any case be liable for more than the sum insured, with interest thereon from the time when the

loss shall become payable, as provided above. The company shall be liable for payment of interest to the insured at a rate of one percent over the prime interest rate on the agreed figure commencing thirty days after the date an executed proof of loss for such figure is received by the company, said interest to continue so long as the claim remains unpaid.

**Appraisal.** In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen, and the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss: but no person shall be chosen or act as a referee, against the objection of either party, who has acted in a like capacity within four months.

**Suit.** No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred: provided, however, that if, within said two years, in accordance with the provisions of the preceding paragraph, the amount of the loss shall have been referred to arbitration after failure of the parties to agree thereon, the limitation of time for bringing such suit or action shall in no event be less than ninety days after a valid award has been made upon such reference or after such reference or award has been expressly waived by the parties. If suit or action upon this policy is enjoined or abated, suit or action may be commenced at any time within one year after the dissolution of such injunction, or the abatement of such suit or action, to the same extent would be possible if there was no limitation of time provided herein for the bringing of such suit or action.

**Subrogation.** This company may require from the insured an assignment of all right of recovery against any party for loss to the extent that payment therefor is made by this company.

COF-01381

Copyright, ISO Commercial Risk Services, Inc.

**CP T3 11 07 86**

# TAB 2


**Travelers**Insurance
A member of citigroup

300 Windsor Street
Hartford, CT 06120
**Mailing Address:**
P.O. Box 2924
Hartford, CT 06104-2924

Claim Services
860-277-7142
Fax 203-601-4040
e-mail: dreed@travelers.com

December 21, 2000

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
ANTHONY DIMAIO
VILLA DIMAIO RESTAURANT
25 SHED RD.
BERNARDSTON, MA 01337

Dear: Mr. Dimaio:

OUR INSURED: Villa Dimaio Restaurant
LOSS LOCATION: 268 State Road, Whately, MA 01093
DATE OF LOSS: December 18, 2000
POLICY NUMBER: IO660 575X1693
CLAIM NUMBER: BUB7660

We acknowledge receipt of your notice of loss regarding the above subject matter.

Our investigation and evaluation of this the loss is on going. Travelers Fire Investigator James
Bradbury will be continuing his investigation of the fire through the week of December 25, 2000. As
we discussed with you on Tuesday, December 19, 2000, we have retained the services of a building
construction consultant, J.S. Held Inc. to assist us with the building evaluation portion of this loss.

We are unable at this time to make any commitment to you regarding our liability in this matter until
our investigation of this loss is complete.

Travelers reserves all of its rights in this matter, and does not hereby waive any of the terms or
conditions of the above-referenced policy of insurance.

Sincerely,

David Reed, General Adjuster
Claim Services

COF-01106

Page 2
December 21, 2000
Mr. DiMaio

bc: James Bradbury – Travelers Investigative Services

COF-01107



COF-01112

# TAB 3

# FREDI ANN GOLDMAN
### Attorney at Law
101 State Street, Suite 701
Springfield, MA 01103
TEL: (413) 746-0900
FAX: (413) 731-5905

April 27, 2001

Travelers Insurance Company
P.O. Box 2924
Hartford, CT   06104-2924
ATTN:  David Reed, General Adjuster
      Claim Services

RE:    Your Insured:  Villa Dimaio Restaurant
        DOL:          December 18, 2000
        Policy No.:     10660 575X1693
        Claim No.:     BUB7660

Dear Mr. Reed:

Please be advised that I have been retained by Anthony DiMaio in connection with the fire investigation, which occurred on or about December 18, 2000 at the Villa Dimaio Restaurant located at 268 State Road, Whately, MA.

Would you kindly forward to me a copy of policy number 10660 575X1693 and any declarations associated with the policy.

Please feel free to contact me if you would like to discuss this claim further.

Very truly yours,

Fredi Ann Goldman

FAG:jsj

cc: Anthony DiMaio

COF-00254

# TAB 4

# Hendel & Collins
### A PROFESSIONAL CORPORATION
## Attorneys at Law

Joseph B. Collins

101 State Street
Springfield, Massachusetts 01103-2006
Telephone (413) 734-6411
Telecopier (413) 734-8069
Writer's e-mail: jcollins@hendelcollins.com

March 12, 2002

TRAVELERS PROPERTY CASUALTY
One Tower Square
Hartford, CT 06183

       Re:  ANTHONY A. DIMAIO
            f/d/b/a VILLA DIMAIO RESTAURANT
            Chapter 7, No. 01-47718-HJB
            Your Policy No. I-660-575X1693-C0F-00

Gentlemen:

Please be advised that the undersigned is the duly appointed Trustee in Bankruptcy of the above-named Anthony A. DiMaio of 25 Shedd Road, Bernardson, Massachusetts. It is our understanding that Mr. DiMaio formerly operated the Villa DiMaio Restaurant at 268 State Road, Whately, Massachusetts.

We have been informed that Mr. DiMaio has made a claim against the Travelers policy referenced above as a result of a fire loss at the restaurant. It is our understanding that the restaurant and its contents were totally destroyed.

In any event, the purpose of this letter is to inform you that the insurance policy and any claim against it are now property of Mr. DiMaio's Bankruptcy Estate. We demand that any funds that may be due pursuant to the policy, be delivered directly to the undersigned as Trustee.

We also request that you contact us at your earliest convenience so that we might confirm the present status of the claim and determine when the policy might be paid.

MAR 26 REC'D

COF-00532

TRAVELERS PROPERTY CASUALTY
March 12, 2002
Page 2


We look forward to hearing from you shortly.

Sincerely yours,

Joseph B. Collins

JBC/smm

cc:    John E. Tener, Esq.
       ROBINSON & COLE, LLP
       One Boston Place
       Boston, MA 02108

COF-00533