UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-30046-KPN

DiMAIO FAMILY PIZZA & LUNCHEONETTE, INC. and ANTHONY A. DiMAIO,
Plaintiffs,

v.

THE CHARTER OAK FIRE INSURANCE COMPANY,
Defendant.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*A.   Introduction.*

The plaintiffs are Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio. They were variously the owners and operators of the Villa DiMaio Restaurant located in Whatley, Massachusetts. The plaintiffs' restaurant building and their related business personal property were completely destroyed by fire on December 18, 2000. The plaintiffs commenced this action in state court[1] against the defendant, The Charter Oak Fire Insurance Company (hereinafter "Charter Oak"). The plaintiffs claim in essence that Charter Oak breached its contract of insurance by denying the plaintiffs coverage under a fire insurance policy and by failing to compensate them for their losses.

Specifically, the plaintiffs in their complaint claim compensatory damages for breach of contract (Count I) and breach of their reasonable expectations (Count II), that Charter Oak is estopped from denying that their claim is covered and payable (Count III), that

---

[1]   Invoking diversity jurisdiction, Charter Oak removed the case to this Court. The parties thereupon consented, pursuant to 28 U.S.C. § 636(c), to the magistrate's jurisdiction over all trial level proceedings in the case.

1

Charter Oak has knowingly relinquished and waived its right to deny or disclaim that their claim is covered and payable (Count V) and that Charter Oak has committed a breach of the covenant of good faith and fair dealing. Lastly, the plaintiffs claim that Charter Oak is liable to them under Massachusetts General Laws, Ch. 93A, §§ 2 and 11 and Ch. 176D, § 3, for compensatory and punitive damages and fees and costs (Count VI).

The case is presently before the Court Charter Oak's motion for summary judgment. Charter Oak argues that the plaintiffs' claims are barred because not commenced within a two-year limitation period contained in the policy and set forth in Massachusetts General Laws, Ch. 175, § 99. For the reasons that follow, Charter Oak's motion must be denied.

### B.  *Undisputed Material Facts*.

In accordance with Local Rule 56.1, the plaintiffs incorporate by reference St. Paul's Statement of Undisputed Facts, filed in connection with its Motion For Summary Judgment. In addition, the plaintiffs submit that the material facts set forth in the Affidavit of Anthony A. DiMaio filed herewith, which is incorporated by reference, are not in dispute.

### C.  *Argument*.

1.  *Because the plaintiffs' claims asserted here were enjoined by their bankruptcies, this action is timely.*

The plaintiffs maintain that in the circumstance of this case, their commencement of this litigation was in all respects timely. The present dispute here focuses upon an endorsement to the policy entitled *Massachusetts Changes*. This endorsement, which

tracks the provisions of Massachusetts General Laws, Ch. 175, § 99, states in relevant part as follows:

> No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred; provided, however, that if, within said two years, in accordance with the provisions of the preceding paragraph, the amount of the loss shall have been referred to arbitration after failure of the parties to agree thereon, the limitation of time for bringing such suit or action shall in no event be less than ninety days after a valid award has been made upon such reference or after such reference or award has been expressly waived by the parties. *If suit or action upon this policy is enjoined or abated, suit or action may be commenced at any time within one year after the dissolution of such injunction, or the abatement of such suit or action, to the same extent as would be possible if there was no limitation of time provided herein for the bringing of such suit or action.* (Emphasis added).

The plaintiffs maintain that their respective bankruptcies operated to enjoin their claims asserted in this litigation. Upon the commencement of a case in bankruptcy under the Bankruptcy Code, appearing at 11 U.S.C., an estate is created, comprised of the property, claims and rights of the debtor, either at the time the proceeding is commenced or thereafter acquired. 11 U.S.C. § 541(a)(1) and (7). The plaintiffs' claims against Charter Oak therefore became part of their bankruptcy estates. The bankruptcy trustee is the representative of the estate. 11 U.S.C. § 323. The bankruptcy trustee, and not the plaintiffs, had exclusive standing to assert those state law claims against Charter Oak that the plaintiffs could have raised as of the commencement of and during the bankruptcy proceedings. See *In re Educators Group Health Trust*, 25 F.3d 1281, 1283 (5th Cir.1994); 9 Am. Jur. 2d. Bankruptcy § 290 (1991).

With certain exceptions not here relevant, the filing of a petition in bankruptcy automatically stays the claims of the debtor. Section 362(a) of the Bankruptcy Code establishes the nature and scope of this automatic stay. It provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301 [voluntary cases], 302 [joint cases] or 303 [involuntary cases] of this title, ... operates as a stay, applicable to all entities, of--
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; ...

From this, it is obvious that the plaintiffs were enjoined by the bankruptcy laws from asserting their claims. Indeed, the legislative history of § 362 suggests this very conclusion. "The automatic stay is similar to a temporary restraining order. The preliminary hearing [on a motion for relief from stay] is similar to the hearing on a preliminary injunction,.... The main difference lies in which party must bring the issue before the court. While in the injunction setting, the party seeking the injunction must prosecute the action, in proceedings for relief from the automatic stay, the enjoined party must move." H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 344 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, at 6300, quoted in *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, (1st Cir. 1994).

Once the claims were abandoned in this case by the trustees, they reverted back to the plaintiffs. 5 *Collier on Bankruptcy* ¶ 554.02[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. 2004). At that time, which with respect to both plaintiffs was within one year of the commencement of this litigation, the automatic stay and injunction applicable

4

to the plaintiffs expired and the plaintiffs were free to pursue their claims. Thus, the plaintiffs' claims in this litigation are timely.

In an effort to avoid this, Charter Oak argues at page 10 of its memorandum that "the plain language of the injunction or abatement provision requires that a suit or action first exist, and then be enjoined or abated." This is not accurate. Nothing in the language of the statute compels this conclusion. Instead, the intent of the legislature is obvious from a reading of General Laws, Ch. 175, § 187A. This provides:

> If a suit or action on a policy of insurance, ***duly commenced within the time limited by any valid clause of such policy for commencing suits or actions against the company,*** shall be enjoined or abated, suit or action may be commenced at any time within one year after the dissolution of such injunction or the abatement of such suit or action, to the same extent as if there were no limitation of time provided in the policy for the bringing of such suit or action. (emphasis added)

Section 187A requires the timely commencement of a suit before tolling may occur. Had the legislature intended this for effective tolling under § 99, there either would have been no need for § 99 or § 99 would have been drafted with identical language. From all of this, it is apparent that in the circumstances, the plaintiffs' claims are timely under § 99.

2. *The failure of Charter Oak to comply with the provisions of General Laws Ch. 231, § 140B, tolls the statute of limitations.*

General Laws Ch. 231, § 140B, as amended by St.1971, c. 141, provides:

Any person against whom a claim or suit for damages on account of bodily injury, property damage, or death is made, or if such person is insured against loss by reason of his liability to pay such damages the insurer of such person may advance money to, or pay bills incurred by or on behalf of, such claimant, or plaintiff, as the case may be, without affecting the

5

question of liability for such damages, and evidence of such payments shall not be admissible at the trial of such suit on the issue of liability or to mitigate damages; but if, in such case, there shall be a judgment in favor of the plaintiff for money damages, the presiding judge of the court in which judgment is entered shall, upon motion of the defendant, credit upon such judgment the amount of such payments.

*Any such insurer who makes an advance payment under this section shall at the time of making such payment, by notice in writing, inform the claimant of the statute of limitations applicable to his claim and the time within which an action is required to be commenced to enforce such claim in a court of competent jurisdiction.*

The cause of action of any claimant who receives an advance payment under this section but who is not given the written notice required hereunder shall accrue on the date such written notice is actually given and not on the date the injury or damage was sustained. (Emphasis added.)

In this case, a claim was made by the Town of Whately against DiMaio for demolition and debris removal costs. DiMaio was liable for these costs pursuant to General Laws, Ch. 139, § 3A.[2] DiMaio was insured for the payment of these costs under the terms of the policy and claim for them was made. Charter Oak made an advance payment on this claim to DiMaio and to the Town without providing the required notice.

Alternatively, Charter Oak is in this instance a "person against whom a claim . . . for damages on account of . . . property damage . . . is made" See G.L. Ch. 4, § 7("In construing statutes the following words shall have the meanings herein given, unless a

---

[2] This statute provides in relevant part that "If the owner or his authorized agent fails to comply with an order issued pursuant to section three and the city or town demolishes or removes any burnt, dangerous or dilapidated building or structure or secures any vacant parcel of land from a trespass, a claim for the expense of such demolition or removal, including the cost of leveling the lot to uniform grade by a proper sanitary fill, or securing such vacant parcel shall constitute a debt due the city or town upon the completion of demolition, removal, or securing and the rendering of an account therefor to the owner or his authorized agent, and shall be recoverable from such owner in an action of contract."

contrary intention clearly appears: Twenty-third, 'Person' or 'whoever' shall include corporations, societies, associations and partnerships.") In addition, Charter Oak is in this instance an insurer that made an advance payment without providing the required notice.

Under either scenario, Ch 231, § 140B is applicable. "When read as a whole, the language of G.L. c. 231, § 140B, refers to insurers who advance money toward a claimant's damages before the claim is finally settled. The statute's chief purpose is to encourage partial payments of claims where the parties cannot agree on the full amount to which the claimant is entitled. The statute protects the insurer by providing that its liability, if any, shall not be affected, and by providing that evidence of any advance payment shall not be admissible at the trial. The statute is not worded in a way that requires an inquiry into whether the damage payment is a full or partial payment of a particular insurance policy." *Allstate Ins. Co. v. Reynolds*, 43 Mass. App. Ct. 927, 685 N.E.2d 1210, (1997). Nor is the statute worded in such a way that would preclude DiMaio from being both a claimant or a plaintiff entitled to its protection and a person insured against loss. Relatedly, the statute is not worded in such a way that would preclude Charter Oak from being both a person against whom a claim is made and an insurer required to give the statutory notice.

Where as in this case, the language of a statute is plain, courts must enforce the statute according to its wording. *Weitzel v. Travelers Ins. Cos.*, 417 Mass. 149, 153, 627 N.E.2d 926 (1994). On its face, § 140B requires written notice to be given to the claimant. There is nothing in the statutory definition of "person" or "insurer" or

7

"claimant" that excuses the required notice where a claimant is insured by the insurer or where an insurer is the person against whom the claim is made. A contrary construction of the statute would defeat its salutory purpose in encouraging partial payments of claims where the parties cannot agree on the full amount to which the claimant is entitled. In consequence, and because of Charter Oak's failure to comply with the notice requirements, the statute of limitations upon which Charter Oak relies has not even commenced with respect to DiMaio's claim.

3. The plaintiffs' claims under General Laws, Ch.93A are timely.

Charter Oak argues that the two-year limitations period in General Laws, Ch. 175, § 99 also governs plaintiffs' claims asserted under General Laws, Ch. 93A.. This argument is without merit. The Appeals Court stated that "the statute of limitations set forth in the standard form contract found in G. L.c. 175, § 99, must be read as inapplicable to claims brought under G.L.c. 93A that are grounded in Ch. 176D." *Schwartz v. The Travelers Indemnity Co.*, 50 Mass. App. Ct. 672, 677 (2001). Thus, the four-year limitations period in General Laws, Ch. 260, § 5A governs the plaintiffs' Ch. 93A claims. *Id.*

The plaintiffs' Ch. 93A claims are founded on alleged violations by Charter Oak of various provisions of Ch. 176D. The plaintiffs are permitted to maintain their Ch. 93A action under § 11, on the basis of Charter Oak's alleged unfair and deceptive conduct in dealing with their claim for payment and in delaying their claim for payment, all within the confines of the business-to-business transaction between the plaintiffs and Charter Oak. *Adams v. Liberty Mut. Ins. Co.*, 60 Mass. App. Ct. 55, n. 14, 799 N.E.2d 130

(2003); *R.W. Granger & Sons, Inc. v. J & S Insulation, Inc.*, 435 Mass. 66, 754 N.E.2d 668 (2001)(judge could rely on the violations of G.L. c. 176D, § 3(9)(f) and (g) as "persuasive evidence" that an insurer engaged in unfair business practices proscribed by G.L. c. 93A, § 11); *St. Paul Village Condominium Ass'n v. St. Paul Fire and Marine Ins. Co.*, 1996 WL 384249, (Mass. Super. 1996)("even in a commercial dispute between business organizations, a violation of c. 176D that rises to a level so as to constitute an unfair or deceptive act for purposes of c. 93A, § 2, would seem to support an independent claim for violation of c. 93A, § 11"); See also, *Polaroid Corp. v. Travelers Indem. Co.*, 414 Mass. 747, 754, 610 N.E.2d 912 (1993); *VMark Software, Inc. v. EMC Corp.*, 37 Mass. App. Ct. 610, 620, 642 N.E.2d 587 (1994); *Kiewit Constr. Co. v. Westchester Fire Ins. Co.*, 878 F. Supp. 298, 301-302 (D. Mass.1995).

### D.   Conclusion.

On the basis of the foregoing, the plaintiffs respectfully request that the defendant's motion for summary judgment be denied.

Dated: August 13, 2004
                                    THE PLAINTIFFS,
                                    DIMAIO FAMILY PIZZA &
                                    LUNCHEONETTE, INC. and
                                    ANTHONY A. DIMAIO,

                                    By: /s/ Mark J. Albano
                                    Mark J. Albano, Esq.
                                    DALSEY, FERRARA & ALBANO
                                    73 State Street, Suite 101
                                    Springfield, MA 01103-2069
                                    Tel. (413) 736-6971
                                    Fax. (413) 746-9224
                                    B.B.O. No.: 013860

## CERTIFICATE OF SERVICE

I, Mark J. Albano, Esq., hereby certify that a copy of the foregoing document was served on the following persons by first class mail, postage prepaid, on this the 13th day of August, 2004:

> Gerald P. Dwyer, Jr.
> Wystan M. Ackerman, Esq.
> ROBINSON & COLE LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597

Mark J. Albano, Esq.