# **<u>Exhibit 1</u>**

Case 3:04-cv-30046-KPN   Document 22-2   Filed 08/27/2004   Page 2 of 10

or anything so offered to the public, which advertisement contains any assertion, representation, or statement of fact which is untrue, deceptive, or misleading, and which such person knew, or might on reasonable investigation have ascertained to be untrue, deceptive, or misleading, shall be guilty of a misdemeanor and shall be punished by a fine of not less than ten nor more than five hundred dollars for each offence: *provided, however*, that the provisions of this act shall not apply to any owner, publisher, printer, agent or employee of a newspaper or other publication, periodical or circular, or to any agent of the advertiser who in good faith and without knowledge of the falsity or deceptive character thereof publishes, causes to be published, or participates in the publication of such advertisement.

SECTION 2. The term "person," as used in section one shall include a partnership, corporation or association.

SECTION 3. Chapter four hundred and eighty-nine of the acts of the year nineteen hundred and twelve, as amended by chapter two hundred and eighty-eight of the acts of the year nineteen hundred and fourteen, is hereby repealed.

*Approved April 24, 1916.*

---

*Chap.* 150 AN ACT TO EXTEND THE TIME DURING WHICH ACTION MAY BE BROUGHT UPON THE STANDARD FIRE INSURANCE POLICY IN CERTAIN INSTANCES.

*Be it enacted, etc., as follows:*

SECTION 1. The standard fire insurance policy as set forth in section sixty of chapter five hundred and seventy-six of the acts of the year nineteen hundred and seven, is hereby amended by adding to the limitation of action clause the following: — *provided, however*, that if, within said two years, in accordance with the provisions of the preceding paragraph the amount of the loss shall have been referred to arbitration after failure of the parties to agree thereon, the limitation of time for bringing such suit or action shall in no event be less than ninety days after a valid award has been made upon such reference or after such reference or award has been expressly waived by the parties. If suit or action upon this policy is enjoined or abated, suit or action may be commenced at any time within one year after the dissolution of such injunction, or the abatement of such suit or action, to the same extent as would be possible if there was no limitation of time provided herein for the bringing of such suit or action.

SECTION 2. Until July first, nineteen hundred and seventeen, section one of this act may be made effective by attaching the provision as above amended as a rider to the policy instead of printing it in the body thereof.

*Approved April 24, 1916.*

---

would be possible if there was no limitation of time provided herein for the bringing of such suit or action, — so as to read as follows: — No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred: *provided, however*, that if, within said two years, in accordance with the provisions of the preceding paragraph the amount of the loss shall have been referred to arbitration after failure of the parties to agree thereon, the limitation of time for bringing such suit or action shall in no event be less than ninety days after a valid award has been made upon such reference or after such reference or award has been expressly waived by the parties. If suit or action upon this policy is enjoined or abated, suit or action may be commenced at any time within one year after the dissolution of such injunction, or the abatement of such suit or action, to the same extent as would be possible if there was no limitation of time provided herein for the bringing of such suit or action.

SECTION 2. Until July first, nineteen hundred and seventeen, section one of this act may be made effective by attaching the provision as above amended as a rider to the policy instead of printing it in the body thereof.

*Approved April 24, 1916.*

---

*Chap.* 151 AN ACT RELATIVE TO CONTAINERS USED IN THE SALE OF MILK AT WHOLESALE.

*Be it enacted, etc., as follows:*

SECTION 1. Any person selling milk at wholesale to any purchaser who furnishes containers for the same may petition in writing a sealer or deputy sealer of weights and measures to have such containers tested in the manner provided by law and the capacity thereof, thus ascertained, plainly stamped or otherwise indelibly marked thereon; and such official may direct any such purchaser to have such containers so tested and marked.

SECTION 2. Any person, firm or corporation who neglects or refuses to have any such containers tested and marked as provided in section one after being directed so to do by any sealer or deputy sealer and who continues to use the same for the purpose of containing milk purchased from

# Exhibit 2

6 so refunded shall be in the form of such annuity for life
7 based on the contributions of such member, together with
8 regular interest thereon, as may be determined by the
9 retirement board according to its annuity tables, or in
10 four annual instalments, as such member may elect.

1 SECTION 3. This act shall take effect upon its passage.

---

# HOUSE . . . . . . No. 23

## The Commonwealth of Massachusetts.

INSURANCE DEPARTMENT,
STATE HOUSE, BOSTON, Jan. 4, 1916.

*To the Honorable Senate and House of Representatives.*

GENTLEMEN: — In compliance with the provisions of Acts of 1910, chapter 452, I beg to submit that part of the sixty-first annual report of this department for the year 1915 which contains recommendations for legislative action. The legislation recommended is embodied in the four bills which accompany said report.

Respectfully yours,

FRANK H. HARDISON,
*Insurance Commissioner.*

# RECOMMENDATIONS.

**1. RE-CODIFICATION OF LAWS PROVIDING FOR INSURANCE DEPARTMENT EMPLOYEES.**

The statutes authorizing the employment of help in the insurance department should be amended in order to fit present conditions. They were enacted from time to time to permit the appointment of additional employes. They should be combined into one act which should have a proper degree of flexibility and comprise five separate acts. They should be combined into one act which should have a proper degree of flexibility and should to a reasonable extent indicate by title the duties which are assigned to each employe who has special duties.

The title of "examiner" does not fit the employe whose [illegible] is to take charge of the Workmen's Compensation work of the department, nor does the title "chief clerk" fit one whose duties include chiefly supervision of fraternals, and the approval of policy forms. The accompanying bill is presented for enactment for the purpose of securing a more clear, orderly and consistent statute providing for the employment and titles of those who do the work of this department. It is not contemplated thereby to change the salary of any employe or to change his duties. If an appropriation should be made therefor another deputy, examiner or inspector with the proper title could be appointed without a special act authorizing it.

**2. BONDS OF COMPANIES WRITING WORKMEN'S COMPENSATION INSURANCE.**

Owing to the fact that surety companies are loth to write perpetual bonds some of the companies doing a workmen's compensation business in this Commonwealth found it impossible to obtain the corporate surety contemplated by chapter 183, Acts of 1915. It has been suggested that the statute be amended so as to permit surety companies to furnish *yearly* bonds instead of bonds which prevent a company from retiring as surety even as respects future

coverage. I have come to the conclusion that yearly term bonds, that is, bonds subject to renewal annually, will afford ample protection for the parties the act was designed to protect. Only a slight amendment is needed. It should provide that a bond may be issued for the purpose set forth in the act for a definite term which shall not be shorter than the period covered by the principal's license to transact business in this Commonwealth and that a condition of the renewal of the license to continue to transact workmen's compensation business in Massachusetts shall be the filing of a surety bond for the succeeding year. A bill is presented as a proper one for carrying out this recommendation.

**3. THE APPROVAL OF WORKMEN'S COMPENSATION INSURANCE RATES.**

The Massachusetts workmen's compensation law has now been in force three and one-half years, and I have come to the conclusion from a close watch of its operation that the Commonwealth should undertake to exercise more authority over the rates charged for this insurance and the methods of modifying them. The statute now provides that the companies shall file their classifications of risks and the rates pertaining thereto with the Insurance Commissioner; none of which shall take effect until they have been approved by him as adequate. This statute was enacted in the interest of competition. It was to prevent any "cutting" rates by the financially strong companies which would put other well managed ones out of the business. It has served its purpose. Competition brought down the rates 25 per cent in six months and has resulted in two other considerable reductions. The increase in benefits, which was effective October 1, 1914, had the same effect as a decrease in rates in diminishing the profits of the companies. The time has come when there should be a readjustment. Some rates are too high; some too low. While they have the machinery for making the readjustment, it is not an easy thing for twenty-five companies to see alike upon all the details since there is such a diversity of interests. When they are unable to

Case 3:04-cv-30046-KPN   Document 22-2   Filed 08/27/2004   Page 6 of 10

agree upon rates, modifying schedules of charges and credits both for physical conditions and on account of experience, some one free from selfish interest in the outcome of the problems, but with the welfare of the public solely in view, should have authority to settle the differences and prevent delays in putting in operation rates that will be fair to employers because they more nearly correspond with the hazard of the business carried on by each.

To carry out the purpose of giving the Insurance Commissioner more authority over the working adjusting of rates a simple amendment only is needed. It would require the insertion of a few words in section 3 of Part V of chapter 751, Acts of 1911. A bill is herewith submitted.

4. AMENDMENT OF THE REFEREE AND LIMITATION OF SUIT CLAUSES OF THE STANDARD FIRE INSURANCE POLICY.

The Massachusetts standard fire insurance policy has served a good purpose for many years, but it has become evident to many that it should now be amended in at least two respects, as follows:—

*First.* — While comparatively few cases go to referees for settling under the arbitration clause the amount of the loss, these few should not be overlooked, for it is becoming more and more evident that the intention of the law that there should be three *bona fide* referees to decide as to the amount of a loss is not carried out, although it is in form observed. The effect of present methods is that each party usually secures a referee who will represent his interest, a fact that is not possible to disguise during the deliberations of the referees. This leaves the decision as to the amount of the loss to one man and often results in a disagreement. Moreover, there is a certain advantage to the insurance companies because they usually nominate referees from a group of trained men who are more skilful in enforcing their views than the new untrained men who is usually selected by the insured. It is not necessary to impute conscious wrong-doing or unfair practices to the more expert and experienced referees representing the companies in order to frame an

indictment of the system. The mere fact that the advantage exists and is inherent in the method calls upon the law-makers to consider whether a better plan for selecting the referees cannot be adopted. The one suggested in the accompanying bill may not be the best. Indeed, the Insurance Commissioner has no desire to be given the duty of appointing referees, and it would be quite as pleasing to him to have the referees appointed by the courts. The only reason that that method of appointment was not embodied in the bill is that it would appear to be better to lodge this responsibility in one person than to divide it among many, thus causing the insured to doubt as to whom application should be made.

*Second.* — It may well be concluded that the standard form of fire insurance policy requires amendment in at least one other respect. It provides that no suit or action shall be begun to recover for a loss under the contract unless it is commenced within two years from the time the loss occurred. It is possible to so consume time in litigation on questions preliminary to bringing an action for recovery for a loss that there would be no opportunity to bring the suit within the specified two years. This unjust feature of the contract was alluded to in an opinion by Mr. Justice Loring in a recent case, Hanley *v.* Ætna Insurance Company, 215 Mass. 425, in the following language, which indicates clearly his belief that the contract should in this respect be reformed: "There is one other matter which we think should not be passed by, if for no other reason because by our silence we might be taken to have approved the action taken by agreement in the Superior Court. By the terms of the report if the award was invalid judgment was to be entered for the defendant. The fire here in question happened on Sept. 11 and 12, 1909. The trial took place Dec. 11, 1911. By force of the clause in the policy providing that no suit or action for any claim by virtue of the policy shall be sustained unless begun within two years from the time the loss occurred, no action other than the one now before us can ever be brought on this policy. If the course sanctioned by the Superior Court is

6    INSURANCE COMMISSIONER.    [Jan. 1916.

right, an insurance company can lie by until it is too late for a new action to be brought and then for the first time assert that an award is invalid, and if invalid, that it is entitled to judgment."

I recommend that the provision of the standard fire policy under discussion be amended as per the accompanying bill.

---

HOUSE . . . . . . No. 24

Bill accompanying the recommendations of the Insurance Commissioner (House, No. 23). Insurance. January 7.

## The Commonwealth of Massachusetts.

In the Year One Thousand Nine Hundred and Sixteen.

## AN ACT

To recodify the Statutes Relating to Employees in the Insurance Department of the Commonwealth.

*Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:*

1    SECTION 1. Chapter six hundred and eighty-four,
2    acts of the year nineteen hundred and twelve, and sec-
3    tion five of chapter five hundred and seventy-six, acts
4    of the year nineteen hundred and seven, as amended by
5    chapter two hundred and ninety-two, acts of the year
6    nineteen hundred and eleven, and chapters one hundred
7    and forty-nine and four hundred and seven, acts of the
8    year nineteen hundred and twelve, are hereby stricken
9    out and the following substituted in place of section
10   five of chapter five hundred and seventy-six, acts of the
11   year nineteen hundred and seven: — *Section 5.* The
12   commissioner may with the approval of the governor

# <u>Exhibit 3</u>

in police departments shall not be lower than five feet seven inches".

Senate Rule 36 was suspended, on motion of Mr. Kevin B. Harrington, and the amendment was considered forthwith; and the Senate concurred therein. Senate Rule 8 was suspended, on further motion of the same Senator.

## Orders of the Day.

The Orders of the Day were taken up.

The Senate Bill providing that evidence of advance payments, partial payments and settlement of certain claims by insurers and others shall not be admissible at a trial on the issue of liability or to mitigate damages (Senate, No. 1156), — was considered; and it was passed to be engrossed.

Sent down for concurrence. Senate Rule 8 was suspended, on motion of Mr. Kevin B. Harrington.

The Senate Bill requiring owners of certain dwelling houses to post their names and addresses or the names and addresses of their agents, if any, on such dwelling houses (Senate, No. 1157), — was considered; and it was passed to be engrossed.

Sent down for concurrence. Senate Rule 8 was suspended on motion of Mr. Ames.

The House Bill relative to the investment of domestic insurance companies in urban redevelopment projects (House, No. 4406, changed), — was considered; and it was passed to be engrossed, in concurrence. Senate Rule 8 was suspended on motion of Mr. Nuciforo.

The Senate Report of the committee on Public Welfare, reference to the next annual session, on the petition (accompanied by bill, Senate, No. 789) of William I. Randall for legislation to abolish county training schools and transferring their property and employees to the Division of Youth Service, — was considered; and it was accepted.

The bills
Authorizing the trustees of Essex Agricultural and Technical Institute to construct an addition to Maude Hall (Senate, No. 286);

To authorize Massachusetts Institute of Technology to award graduate degrees in conjunction with other institutions (Senate, No. 1048);

Authorizing the Trustees of Hampshire College to hold additional real and personal estate (Senate, No. 1058);

Authorizing the merger of the Mary A. Burnham School, Inc. and Stoneleigh-Prospect Hill School into Stoneleigh-Prospect Hill School (Senate, No. 1115, changed);

Prohibiting banks from allocating periodic payments by mortgagors for taxes for purposes other than tax payments (Senate, No. 1159);

Relative to the investment by co-operative banks in stock and obligations of the Federal Home Loan Bank and in stock of the Federal National Mortgage Association (House, No. 715);

Further regulating the operation of motor vehicles by non-resident students (House, No. 4680); and

Prohibiting a person who has been convicted of certain crimes from serving as a director, trustee, or officer of a bank (House, No. 4681); and

The resolves
Providing for an investigation and study by the Metropolitan District Commission concerning flood control of the Muddy River (Senate, No. 321, changed); and

Providing for an investigation and study by the Division of Alcoholism and the Drug Addiction Rehabilitation Board, relative to regulating the establishment and operation of halfway houses, so-called, and rehabilitation centers for alcoholics and persons addicted to drugs (House, No. 4657);

Were severally read a second time and ordered to a third reading.

The Senate Bill authorizing an increase in the membership of Suffolk University (Senate, No. 1036), — was read a second time and ordered to a third reading. The rules were suspended, on motion of Mrs. Fonseca, and the bill was read a third time and passed to be engrossed, its title having been changed by the committee on Bills in the Third Reading, so as to read as follows: "An Act authorizing an increase in the corporate membership of Suffolk University".

Sent down for concurrence. Senate Rule 8 was suspended, on motion of Mr. Hogan.

The Senate Bill relative to the charges of insurance finance agencies licensed by the Commissioner of Banks (Senate, No. 212, changed) (its title having been changed by the committee on Bills in the Third Reading), — was read a third time and passed to be engrossed.

Sent down for concurrence. Senate Rule 8 was suspended, on motion of Mr. John E. Harrington, Jr.

The Senate Bill providing that the compensation of public school teachers shall be earned and due at the end of the school year (Senate, No. 281) (its title having been changed by the committee on Bills in the Third Reading), — was read a third time and passed to be engrossed.

Sent down for concurrence. Senate Rule 8 was suspended, on motion of Mrs. Fonseca.

The Senate Bill providing that a sheriff may, upon recommendation of the physician of a jail or house of correction, temporarily place a prisoner in a hospital or medical facility for treatment (Senate, No. 1140), — was read a third time. Mr. Nuciforo, for the committee on Bills in the Third Reading, reported, recommending that the bill be amended by adding the following new section: — "SECTION 2. Said chapter 127 is hereby further amended

*Marginal notes:* Liability insurance, — certain claims not admissible at trials. Domestic insurance companies, — investments. County training schools, — abolition. Second reading bills. Second reading resolves. Suffolk University, — increase in corporate membership. Third reading Senate bills engrossed. Sheriff, — placing a prisoner in a hospital.

# SENATE . . . . . . No. 1156

[Senate, April 26, 1967 — Substituted by amendment by the Senate (John E. Harrington) for Senate Resolve No. 1099.]

## The Commonwealth of Massachusetts

In the Year One Thousand Nine Hundred and Sixty-Seven.

AN ACT PROVIDING THAT EVIDENCE OF ADVANCE PAYMENTS, PARTIAL PAYMENTS AND SETTLEMENT OF CERTAIN CLAIMS BY INSURERS AND OTHERS SHALL NOT BE ADMISSIBLE AT A TRIAL ON THE ISSUE OF LIABILITY OR MITIGATE DAMAGES.

*Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:*

1  Chapter 231 of the General Laws is hereby amended by in-
2  serting after section 140A the following two sections: —
3  *Section 140B.* A person, corporation or insurer thereof,
4  against whom a claim or suit for damages on account of
5  bodily injury, property damage, or death is made, may ad-
6  vance money to, or pay bills incurred by or on behalf of, such
7  claimant, or plaintiff, as the case may be, without affecting
8  the question of liability for such damages, and evidence of
9  such payments shall not be admissible at the trial of such
10 suit on the issue of liability or to mitigate damages; but if,
11 in such case, there shall be a judgment in favor of the plaintiff
12 for money damages, the presiding judge of the court in which
13 the judgment is entered shall, upon motion of the defendant,
14 credit upon such judgment the amount of such payments.
15 *Section 140C.* No settlement or partial payment made under
16 a liability insurance policy of a claim against any person in-
17 sured thereunder shall be construed as an admission of lia-
18 bility by such person, with respect to any claim arising from
19 the same event.