UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-30046-KPN

DiMAIO FAMILY PIZZA & LUNCHEONETTE, INC. and ANTHONY A. DiMAIO,
Plaintiffs,

v.

THE CHARTER OAK FIRE INSURANCE COMPANY,
Defendant.

**PLAINTIFFS' MOTION TO AMEND AND FOR RELIEF
FROM THE SUMMARY JUDGMENT ENTERED ON
COUNTS I THROUGH V OF THEIR COMPLAINT**

Dimaio Family Pizza & Luncheonette, Inc. and Anthony A. Dimaio, the plaintiffs in the above-referenced, hereby move, pursuant to Fed R. Civ. P. 59(e) and 60 (b), to amend and for relief from the summary judgment entered in this matter on December 7, 2004, by which the court dismissed Counts I through V of their complaint. As grounds for this motion, the plaintiffs maintain as follows:

   *1.   The Court erred in dismissing the plaintiffs' contract claim.*

The simple and discrete question presented under General Laws, Ch. 175, § 99 is whether the plaintiffs', on February 12, 2003, were enjoined from bringing suit upon their breach of contract claim, which appears in this litigation in Count I of their complaint.[1] The Court, in its Memorandum and Order entered in this matter on December 7, 2004 ("Memorandum and Order"), misconstrued § 99 and relevant provisions of the

---

[1] The plaintiffs' complaint was filed on February 12, 2004. Pursuant to General Laws, Ch. 175, § 99, "[i]f suit or action upon th[e] policy is enjoined . . ., suit or action may be commenced at any time within one year after the dissolution of such injunction . . ."

1

Bankruptcy Code. While the Court seems to have recognized that the plaintiffs were on February 12, 2003 in fact enjoined by the Bankruptcy proceedings from themselves commencing suit on their claims under the policy, the Court erred in engrafting onto § 99 an obligation that the plaintiffs diligently seek dissolution of the injunction. This is not required under § 99 and the Court's suggestions to the contrary are erroneous. Because in this case the plaintiffs were in fact enjoined by the Bankruptcy proceedings from filing suit on their contract claim until such time as the Bankruptcy Court ordered the plaintiffs' claims to be abandoned by the trustees, their commencement of suit on February 12, 2004 was timely under § 99.[2]

At page 6 of the Memorandum and Order, the Court notes that "[t]he stay, of course, did not itself prevent Plaintiffs, as debtors, from commencing suit *against* others, and plaintiffs do no rely upon its protections." (emphasis in original). This observation is not accurate. As the plaintiffs originally argued, and with certain exceptions not here relevant, the filing of a petition in bankruptcy automatically stayed the claims of the plaintiffs as debtors. Section 362(a) of the Bankruptcy Code establishes the nature and scope of this automatic stay. It provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301 [voluntary cases], 302 [joint cases] or 303 [involuntary cases] of this title, ... operates as a stay, ***applicable to all entities***, of--
>
> (3) ***any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate***; ...
> (emphasis added).

---

[2] In the Dimaio Family Pizza & Luncheonette, Inc. bankruptcy, the claims were ordered abandoned by the Bankruptcy Court on April 2, 2003. In the Anthony A. Dimaio bankruptcy, the claims were ordered abandoned by the Bankruptcy Court on June 23, 2003.

2

Clearly, the plaintiffs were precluded by the Bankruptcy Act automatic stay from *sua sponte*, and without relief from the automatic stay, commencing suit on their insurance claim, an asset of their respective estates. In fact, this was the holding of the court in *Polis v. Getaways, Inc.*, 2001 WL 185481 (N.D. Ill. Feb 26, 2001), a case upon which the Memorandum and Order relies in derogation of the plaintiffs' position. The automatic stay therefore operated as an injunction on the plaintiffs' ability to commence litigation on their insurance claim.[3]

The Court, in its Memorandum and Order, confuses the plaintiffs' ability to move for relief from the injunction imposed by the automatic stay with the existence of the injunction imposed by the automatic stay. At page 8, the Court, citing *Polis*, notes that the "Plaintiffs had at all times available the means for asserting their claim against Charter Oak either through the trustees in bankruptcy or the Bankruptcy Court itself if the trustees failed to properly pursue the claim. Thus, Plaintiffs were not 'enjoined' or 'abated,' as those terms are used in the policy, from pursuing their claimed interests in a timely matter." The fact that the plaintiffs had process available to them to seek relief from an injunction does not mean that the injunction was not in effect. To the contrary, the availability of process to seek relief from an injunction by necessity demonstrates the

---

[3] Indeed, and as the plaintiffs also argued initially, the legislative history of § 362 suggests this very conclusion. "The automatic stay is similar to a temporary restraining order. The preliminary hearing [on a motion for relief from stay] is similar to the hearing on a preliminary injunction,.... The main difference lies in which party must bring the issue before the court. While in the injunction setting, the party seeking the injunction must prosecute the action, in proceedings for relief from the automatic stay, the enjoined party must move." H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 344 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, at 6300, quoted in *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, (1st Cir. 1994).

3

existence of an injunction. In this fundamental way, the reasoning of the Court is fatally flawed.

By focusing upon the plaintiffs' ability to seek relief from the injunction, instead of the simple existence of injunction preventing their commencement of litigation on their contract claim, the Court is ignoring the plain language of § 99. This statute is unambiguous. The Court must therefore construe the statute as it is written. *City Council of Peabody v. Board of Appeals of Peabody*, 360 Mass. 867, 867, 277 N.E.2d 296 (1971). A statute's words must be accorded their plain and ordinary meaning, "considered in connection with the cause of its enactment, the preexisting state of the law, the mischief to be remedied and the main object to be accomplished." *A. Belanger & Sons v. Joseph M. Concannon Corp.*, 333 Mass. 22, 25, 127 N.E.2d 670 (1955), quoting *Brown v. Robinson*, 275 Mass. 55, 57, 175 N.E.2d 269 (1931). The language of a statute is not to be enlarged or limited by construction unless its object and plain meaning require it. *Johnson's Case*, 318 Mass. 741, 747, 64 N.E.2d 94 (1945).

The plain language of § 99, does not either require or authorize the Court to determine whether, when or if the insured attacked or had the means to attack the injunction. The only relevant inquiry is when the injunction was dissolved. This Court must decline to engraft, in the face of the clear language of the statute, an exemption upon the tolling provision that the legislature did not deign to include. See *Mitchell v. Mitchell*, 312 Mass. 154, 161, 43 N.E.2d 783 (1942). To permit judicial reduction of the tolling period set forth in § 99 would be the equivalent of reading into the statute an intent at variance with the plain words of the statute which is not present by necessary

4

implication. *Tilton v. Haverhill*, 311 Mass. 572, 578, 42 N.E.2d 588 (1942). The often cited canon of statutory construction that a statutory expression of one thing implies an exclusion of other things is aptly applied here. See *Brady v. Brady*, 380 Mass. 480, 484, 404 N.E.2d 75 (1980). The absence of any explicit or implicit reference in the statute to an exemption upon the tolling provision appears to be an intentional or conscious choice by the legislature rather than an inadvertent omission.

### 2. Conclusion.

For these reasons, the judgment entered by the Court on was erroneous and must be corrected. All of the plaintiffs' claims were timely commenced and the defendant's motion for summary judgment must be denied.

Dated: December 17, 2004

THE PLAINTIFFS,
DIMAIO FAMILY PIZZA &
LUNCHEONETTE, INC. and
ANTHONY A. DIMAIO,

By: /s/ Mark J. Albano
Mark J. Albano, Esq.
DALSEY, FERRARA & ALBANO
73 State Street, Suite 101
Springfield, MA 01103-2069
Tel. (413) 736-6971
Fax. (413) 746-9224
B.B.O. No.: 013860

## CERTIFICATE OF CONSULTATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(A)(2), that he and counsel for the defendant conferred by telephone on December 17, 2004 in a good faith attempt to resolve or narrow the issues raised in this motion.

_____
Mark J. Albano, Esq.

## CERTIFICATE OF SERVICE

I, Mark J. Albano, Esq., hereby certify that a copy of the foregoing document was served on the following persons by email and by first class mail, postage prepaid, on this the 17th day of December, 2004:

Gerald P. Dwyer, Jr.
Wystan M. Ackerman, Esq.
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597

_____
Mark J. Albano, Esq.