UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIMAIO FAMILY PIZZA & LUNCHEONETTE, INC. and ANTHONY A. DIMAIO, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 04-30046-KPN |

**DEFENDANT THE CHARTER OAK FIRE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND AND FOR RELIEF FROM THE SUMMARY JUDGMENT ENTERED ON COUNTS I THROUGH V OF THEIR COMPLAINT**

The Charter Oak Fire Insurance Company ("Charter Oak") submits this memorandum of law in opposition to the plaintiffs' motion.

I.   PRELIMINARY STATEMENT

The plaintiffs improperly seek a second bite at the apple and to reiterate an argument previously raised and resolved against them. The instant motion raises a single objection to the Court's December 7, 2004 Memorandum and Order ("Decision"). According to the plaintiffs, the Court was confused in concluding that the plaintiffs' inability to commence themselves an action under

NEWY1-621862-1
01/03/05 1:01 PM

the policy - *during that period of time when the right to recover insurance proceeds had been voluntarily transferred to their bankruptcy estates* – was not an injunction or abatement pursuant to M.G.L., Ch. 175, § 99.[1]

The plaintiffs are wrong and, as demonstrated below, the motion fails for (at least) three reasons: (1) it merely repeats prior argument; (2) any restriction on the plaintiffs' individual rights to sue under the policy resulted from them voluntarily transferring such rights to their bankruptcy estates, not from the automatic stay, and a such a voluntary transfer is neither an injunction nor an abatement; and (3) the plaintiffs failed to bring timely suit under the policy when such rights were not part of the bankruptcy estates. Because the Court correctly decided Charter Oak's motion for summary judgment as to Counts I through V, Charter Oak respectfully requests that the instant motion be denied.

## II. ARGUMENT

*First*, as the First Circuit has repeatedly held, "Rule 59(e) does not allow the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *See e.g., National Metal Finishing Co. v. Barclays American/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990). The instant motion is nothing more than a rehashing of the plaintiffs' unavailing contention that their respective rights to sue Charter Oak under the

---

[1] Charter Oak repeats here that it has not conceded that the named plaintiffs have any rights under the policy. (*See* Answer at *passim*). To adjudicate the motion for summary judgment and the instant motion, however, it is not necessary to resolve whether these plaintiffs are insureds or possess an insurable interest in the subject risk.

policy were "abated" or "enjoined" by the transfer of such rights in exchange for bankruptcy protection. Since the plaintiffs' motion rests exclusively on prior arguments, identifies no change in controlling authority, new evidence or other legitimate bases to challenge the Decision on Counts I though V, the instant motion fails under the controlling legal standard for such motions. *See* Fed. R. Civ. P. 59(e) & 60(b).

***Second***, in exchange for bankruptcy's protection from their creditors, the plaintiffs' voluntarily relinquished control over their interests in the insurance claim (and any other asset). Correctly calculating that the voluntary transfer of rights to insurance proceeds could never constitute an injunction or abatement, the plaintiffs instead contend that the automatic stay prevented them from suing Charter Oak, not the self-imposed loss of standing under the policy.

The plaintiffs erroneously argue that (a) the Court erred in finding that the automatic stay did not apply to them (*see* Plf. Mem. at 2) and relatedly, (b) the Court erred in finding that the plaintiffs did not rely on the automatic stay in defense of Charter Oak's motion for summary judgment. (*Id.*) A careful review of the Decision reveals that the Court correctly identified that any limitation on the plaintiffs' ability to commence an action under the policy themselves (as opposed to their respective bankruptcy trustees) was not the result of an injunction or abatement (*see* Mem. Ord. at 5-7); any such restriction occurred

3

because the claim was no longer the plaintiffs' property. In short, you cannot sue to recover property that is not yours – stay or no stay. (*See id.* at 8-9 (citing *Polis* decision which dismissed bankrupt's individual suit because "the trustee in bankruptcy, not the [bankrupt], had standing to bring suit.")).[2]

Although the automatic stay does prevent extra-bankruptcy proceedings to collect against an asset of the bankruptcy estate (including the right to receive insurance proceeds) and the plaintiffs are not immune from this against-the-estate prohibition (*see* 11 U.S.C. § 362(a)), the stay is wholly immaterial to Charter Oak's motion for summary judgment. <u>Whether the stay applied to the plaintiffs or not, the plaintiffs had no standing to recover insurance proceeds, irrespective of the 11 U.S.C. § 326</u>. It was the plaintiffs' voluntary transfer of their rights under the policy that limited plaintiffs' ability to sue to enforce such a rights.[3]

*Third*, in the instant motion the plaintiffs' position again rests on the false premise that their inability to bring suit under the policy is entirely distinct from

---

[2] The plaintiffs' contentions that (a) the Court wrongly "engrafted" a due diligence requirement onto M.G.L., Ch. 175, § 99 and (b) the Court recognized that the automatic stay did, in fact, restrict the plaintiffs' ability to bring suit, are both based on the erroneous premise that the automatic stay - rather than the self-imposed loss of standing – prevented them from bring suit under the policy, and are wholly unavailing. Similarly, whether the plaintiffs relied on the automatic stay in opposing Charter Oak's motion for summary judgment (and whether the Court erred in concluding it did not so rely) is entirely meaningless because whether the stay existed or not, the plaintiffs could not sue to enforce rights that they transferred away.

[3] The automatic stay applies to actions against the debtor and to actions against assets in the bankruptcy estate. *See* 11 U.S.C. § 326. Since the plaintiffs cannot sue themselves (*e.g.*, an action against the debtor), the only way that the automatic stay could apply to them is if they commenced an action against property in the bankruptcy estate. Since the applicable property (the insurance claim) entered the bankruptcy estates because of the plaintiffs' voluntary transference of such rights, the transfer itself is the *sine qua non* for any restriction on the plaintiffs' individual rights under the policy. Without the transfer, Section 362 can have no application to the plaintiffs because the insurance claim would not be part of the bankruptcy estates in the first place.

4

and unaffected by the fact that the bankruptcy trustees could bring such suits. This argument is sophistical. The plaintiffs' respective rights to receive insurance proceeds constitute one "claim", which existed either as an asset of the plaintiffs (neither of which ever brought a timely action under the policy) or as an asset of the bankruptcy estates (neither trustee brought timely suit despite specific awareness of the suit limitation). There never was any abatement or injunction on bringing an action under the policy. From the date of the fire until the suit limitation expired, either the plaintiffs individually or the bankruptcy trustees could have commenced an action under the policy – there simply was no restriction on bringing of suit on the "claim."

*Finally*, the Court correctly considered the fact that (1) the plaintiffs and their lawyers did *nothing* to cause the trustees to commence timely suit, *i.e.*, motion to compel abandonment, send a letter to the trustees requesting suit filed, etc., (2) DiMaio Family Pizza & Luncheonette, Inc. failed to bring suit after the trustee abandoned a timely claim to them, and (3) Anthony DiMaio did not file suit during the year's time between the fire and his filing of bankruptcy (before his purported rights were transferred to the estate). The plaintiffs' failure to challenge the trustees' handling of the insurance claim and their own failure to commence an action when they had a chance to, either demonstrates their

agreement with the trustees' approach toward the insurance claim or that the plaintiffs slept on their rights.

### III. CONCLUSION

For the foregoing reasons and to those presented in support of Charter Oak's motion for summary judgment, Charter Oak respectfully requests that the Court deny the plaintiffs' motion.

Dated: January 3, 2005

                                                DEFENDANT,
THE CHARTER OAK FIRE INSURANCE COMPANY


By: s/Gerald P. Dwyer, Jr.
    Gerald P. Dwyer, Jr., BBO# 631475
    Wystan M. Ackerman, BBO #651086
    ROBINSON & COLE LLP
    280 Trumbull Street
    Hartford, CT 06103
    Tel.: (860) 275-8200
    Fax: (860) 275-8299
    E-mail: gdwyer@rc.com
    E-mail: wackerman@rc.com

## CERTIFICATE OF SERVICE

I, Gerald P. Dwyer, Jr., hereby certify that on this 3rd day of January, 2005, I served a true copy of the foregoing DEFENDANT THE CHARTER OAK FIRE INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND AND FOR RELIEF FROM THE SUMMARY JUDGMENT ENTERED ON COUNTS I THROUGH V OF THEIR COMPLAINT via the Court's ECF system and via first-class mail, postage prepaid, upon the following:

> Mark J. Albano, Esq.
> Dalsey, Ferrara & Albano
> 73 State Street, Suite 101
> Springfield, MA  01103-2069

>> s/Gerald P. Dwyer, Jr.
>> Gerald P. Dwyer, Jr.