UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIMAIO FAMILY PIZZA & )
LUNCHEONETTE, INC. and )
ANTHONY A. DIMAIO, )
                  Plaintiffs )
 )
 )
v. ) Civil Action No. 04-30046-KPN
 )
THE CHARTER OAK FIRE )
INSURANCE COMPANY, )
                  Defendant )

MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFFS'
MOTION FOR RELIEF (Document No. 26)
January 25, 2005

NEIMAN, U.S.M.J.

    The court will deny the motion brought by DiMaio Family Pizza & Luncheonette, Inc. ("DiMaio Family Pizza") and Anthony DiMaio (together "Plaintiffs") pursuant to Fed. R. Civ. P. 59(e) and 60(b) for relief from the summary judgment entered in favor of the defendant, Charter Oak Fire Insurance Company ("Charter Oak"), on Counts I through V of the complaint. Plaintiffs' assertions to the contrary, the court stands by its Memorandum and Order of December 7, 2004.

    In short, the court remains unconvinced that either Mass. Gen. L. ch. 175, § 99, or the Bankruptcy Code enables Plaintiffs to avoid the statute of limitations for their claims under the insurance policy at issue. What Plaintiffs fail to recognize is that a "suit or action upon th[at] policy," as section 99 provides, was not "enjoined or abated" by Plaintiffs' bankruptcy petitions. Rather, claims under the policy, i.e., the "suit or

action," became part of each plaintiff's bankruptcy estate and could have been pursued by each trustee. In fact, as the court previously noted, the trustees had twice asked and received from Charter Oak more time -- amounting, in the end, to an additional four months -- within which to commence suit. No such suit was commenced by the trustees in that time period or, for that matter, by DiMaio Family Pizza which had a brief window of opportunity to commence suit once its bankruptcy trustee abandoned an interest in the claim.

Nonetheless, Plaintiffs fault the court for "engrafting" onto section 99 an "exemption" to the tolling provision. In essence, Plaintiffs argue that the court ought not have recognized, in the context of section 99, any ability on their part to assert claims against Charter Oak either through the trustees or the Bankruptcy Court itself if the trustees failed to pursue the claim. The court, however, did not graft any such exemption onto section 99. If anything, it is Plaintiffs who are trying to graft onto the statute a separate limitations period which runs against them individually. Were the court to adopt Plaintiffs' interpretation of section 99, it would do mischief to both the statutory scheme and the Bankruptcy Code.

Again, Plaintiffs fail to recognize that the language of section 99 is not personal to them, but rather speaks to a "suit or action," events which were never "enjoined or abated" by Plaintiffs' bankruptcy petitions. As described, the ability to pursue a suit or action remained very much alive and could have been commenced by the trustees. To be sure, the limitations period continued to run against the claims, albeit not Plaintiffs individually. Once expired, the limitations period barred Counts I through V of the

complaint. That, in the court's opinion should end the discussion with regard to those counts.

Nevertheless, the court wishes to address as germane at least one other provision of the Bankruptcy Code, namely 11 U.S.C. § 108(a), which extends the time within which a trustee can file an action if the statute of limitations had not run when the bankruptcy commenced. Pursuant to section 108(a), a trustee has the longer of the original period or two years after an "order for relief." To be sure, Plaintiffs never invoked section 108(a), likely recognizing that it would have afforded them no relief in the case at hand. Still, section 108(a) and the caselaw surrounding it provide a larger context within which to address Plaintiffs' present motion.

First, as Plaintiffs may well have recognized, section 108(a) might not even apply to DiMaio Family Pizza, the corporate plaintiff, because, by its terms, the statute only applies to claims which a debtor has on the date the bankruptcy petition is filed. Here, DiMaio Family Pizza filed its petition *prior* to December 18, 2000, the date of the fire which gave rise to a claim against Charter Oak.

Second, as Plaintiffs no doubt recognized, the extension provided by section 108(a) inures only to the benefit of the trustee, not the debtor. *See Meiburger v. Ocwen Fed. Bank FSB (In re Marshall)*, 307 B.R. 517, 520 (Bankr. E.D. Va. 2003). Granted, a "trustee" for purposes of section 108(a) includes a debtor-in-possession, *see MHI Shipbuilding, LLC v. Nat'l Fire Ins. Co.,* 286 B.R. 16, 22-23 (Bankr. D. Mass. 2002), which appears to have been DiMaio Family Pizza's status from the date it filed its original petition in bankruptcy under Chapter 11 to the date it converted that petition

to Chapter 7.  *See CGE Shattuck LLC v. Town of Jaffrey (In re CGE Shattuck LLC)*, 272 B.R. 514, 518 (Bankr. D.N.H. 2001).  However, DiMaio Family Pizza did not take advantage of section 108(a) during that time period.

The facts are as follows: DiMaio Family Pizza filed for bankruptcy under Chapter 11 on February 25, 2000, seven days after Defendant issued the policy.  (See DiMaio Affidavit (Document No. 21) ¶¶ 5 and 8.)  Again, the fire which gave rise to the insurance claim occurred on December 18, 2000.  On March 21, 2001, the Chapter 11 bankruptcy was converted to Chapter 7.  (*Id*. at 9.)  Thereafter, on December 27, 2001, Mr. DiMaio filed for personal bankruptcy.  (*Id*. at ¶ 14.)  Thus, even were the two year extension available to both trustees under section 108(a) deemed available to Plaintiffs as well, it would have expired well before the instant suit was filed against Charter Oak on February 12, 2004.

Third, if a statute of limitations expires during the pendency of a bankruptcy, as in effect occurred here, the cause of action "is not revived when it ceases to be the property of the estate and the debtor may not pursue [it]."  *In re Marshall*, 307 B.R. at 520 (citing *AMS Realty, Inc. v. Tao (In re AMS Realty, Inc.)*, 114 B.R. 229 (Bankr. C.D. Cal. 1990)).  *See also* Collier on Bankruptcy ¶ 108.02[3] (15th ed. rev. 2003) ("The benefits of subsections [108](a) and (b), which refer to the trustees, do not pass to a debtor in cases under Chapter 7, or under Chapters 11 or 12 when a trustee has been appointed and the debtor is no longer a debtor in possession.")  As the *In re Marshall* court acknowledged, this may well result in debtors being "deprived of their opportunity to bring a suit if the statute of limitations runs."  *In re Marshall*, 307 B.R. at 522.  But,

4

the court explained, "[t]his overlooks the fact that filing bankruptcy is not without its costs" and "[t]his result is just one of the disadvantages." *Id.*

To be perfectly clear, this court is not prepared to adopt the entire analysis set forth in *In re Marshall*, if for no other reason than Plaintiffs have not pursued any argument under section 108(a). Indeed, if fully adopted, the *In re Marshall* analysis might actually undermine this court's assumption that the extension to April 11, 2003, granted by Charter Oak to the trustees also accrued to Plaintiffs' benefit. Moreover, *In re Marshall* does not address what this court deemed central here, namely, Plaintiffs' ongoing right as debtors to seek to have the trustees pursue the claim or, in the alternative, to abandon the claim in a timely manner so that Plaintiffs themselves could proceed against Charter Oak. However, what *In re Marshall* does make clear, as this court previously determined, is that the claim, *i.e.*, the cause of action against Charter Oak, could always have been asserted and that, but for extensions granted the trustees under section 108(a) or by Charter Oak, the statute of limitations continued to run.

Accordingly, Plaintiffs' motion for relief is DENIED.

IT IS SO ORDERED.

DATED: January 25, 2005

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge